M. D. NOBLE v. CHARLES CAIN.

TAX DEED, *When Void.* Where C. obtained from a board of county commissioners, in December, 1877, a written order to purchase certain lots struck off to the county at a tax sale for a sum less than the costs of redemption at that time, and in pursuance of such order obtained a tax certificate and an assignment thereof for said lots for less than the legal costs of redemption, and upon the presentation of such certificate to the county clerk obtained a tax deed, *held,* that there was no authority at the time of the order for the commissioners to make the same; and *held,* that the tax certificate and its assignment, and the tax deed, were without warrant of law, and void, and passed no title to the holder.

*Error from Doniphan District Court.*

ACTION brought by a landlord, to dispossess a tenant for failure to pay rent for leased premises. The defendant filed an answer, setting up title in himself to the property, under a tax deed acquired after the lease. The case was commenced on February 27, 1878, before a justice of the peace, and taken to the district court of Doniphan county. It was tried at the March Term of that court for 1879, a jury being waived. The court found the following conclusions of fact: That on April 1, 1874, the plaintiff was the owner of lots 10, 11 and 12, in block 47, in the city of White Cloud, Kansas, and that he has not parted with such ownership except as hereinafter stated; that on said 1st day of April, 1874, the defendant rented and leased of the plaintiff by parol the premises, and went into possession thereof under the lease, agreeing to pay

as rent therefor the sum of five dollars per month, payable monthly; that defendant has been in possession of the premises ever since said first day of April, 1874, and is in possession of the same at this time, and has paid rent on said lease at various times, until the 9th day of February, 1878, at which time there was rent due the plaintiff from the defendant for said premises; that on said 9th day of February, 1878, the plaintiff served on the defendant a notice that said lease would be terminated in ten days after said service, unless within ten days defendant paid the amount of rent in arrears; that on said 9th day of February, 1878, at the time of the service of said notice, the defendant paid to plaintiff the rent due up to the 4th day of December, 1877, and the plaintiff received the rent due to December 4th, being the sum of $28, and defendant refused to pay any other or further rent; that the taxes on said land were delinquent for the year 1873, and said premises were duly advertised and offered for sale for such delinquent taxes, as provided by law, by the county treasurer of said county, on the 5th day of May, 1874, and there being no bidders for the same, the said premises were bid off by the county treasurer, in the name of the county, as provided by law in such cases, as appears from the tax deed offered in evidence herein; that on the application of defendant, the board of county commissioners of said county did, on the 3d day of December, 1877, make an order as follows, which was duly entered of record in their proceedings.

"Ordered, that Charles Cain be allowed to purchase lots 10, 11 and 12, in block 47, White Cloud, from the sale of the years 1873, 4, 5 and 6, for the amount for which sold and charged up, amounting to $157.31."

That afterward, in pursuance of and in obedience to said order of the board of county commissioners, Robert Flickenger, treasurer of said county, executed and delivered to the defendant a certificate of the sale of said premises, upon the payment of $157.31 to him as county treasurer by the defendant, in which was not included any interest on said

taxes, but was the full amount of the taxes on said land at the time of the execution and delivery as aforesaid of said certificate, without interest and cost; which said certificate is as follows:

Nos. 34, 35 and 36, 1873.   OFFICE OF TREASURER OF DONIPHAN COUNTY, TROY, KANSAS, December 4, 1877.

I, the undersigned, treasurer of Doniphan county, do hereby certify, that whereas certain taxes due said county for the year 1873 remained unpaid on lots 10, 11 and 12, in block 47, White Cloud, Kansas, and the said real estate having been duly advertised was offered for sale at public auction in the manner prescribed by law, on the 5th day of May, 1874, for the amount of said taxes, penalty, and costs due thereon, and there being no bidder, the said described real estate was bid off to Doniphan county by the county treasurer for the sum of forty-eight and 52-100 dollars, being the full amount of said delinquent taxes, penalty and costs.

Therefore, in consideration of the above taxes, the holder of this certificate to whom it may be properly assigned by the county clerk will be entitled to a tax deed to said described real estate on the 6th day of May, 1877, provided the same be not redeemed before that time.

ROBERT FLICKENGER, *County Treasurer.*

This certificate contained the following indorsements:

Deeded Dec. 4, 1877.

CHAS. RAPPELYE, *County Clerk.*

$157.31.] Dec. 4, 1877, received of Charles Cain, one hundred and fifty-seven 31-100 on the within real-estate taxes, as follows: 1873, $48.52; 1874, $23.96; 1875, $40.80; 1876, $44.02 = $157.31, including penalties, costs, and interest, for which he is entitled to an assignment of this certificate.

ROBERT FLICKENGER, *County Treasurer.*

STATE OF KANSAS, DONIPHAN COUNTY, ss.: In consideration of the above payment, I hereby assign the right, title and interest of Doniphan county in the within certificate, to Chas. Cain. Witness my hand and official seal, this 4th day of December, 1877. CHAS. RAPPELYE, *County Clerk.*

By order county commissioners. This without interest. Certificate 70.] ROBERT FLICKENGER.

That on the 4th day of December, 1877, Charles Rappelye, county clerk of the said county of Doniphan, duly assigned

said certificate to the defendant Chas. Cain, a copy of which said assignment is indorsed on the back of the foregoing copy of certificate; and that on the said 4th day of December, 1877, the said Charles Rappelye, county clerk as aforesaid, did duly execute, acknowledge and deliver to the said Chas. Cain, a deed of said premises, which said deed is attached to the defendant's answer in this suit, and which said deed was filed for record in the office of the register of deeds of said county, on the 5th day of December, 1877, and is recorded in said office. That at no time since the execution of said tax deed, or since the defendant rented the said premises of the plaintiff, has he surrendered to the plaintiff the possession of said premises.

And thereupon the court found, as conclusions of law, that said tax deed attached to the defendant's answer was a sufficient defense to this action; that the defendant was entitled to the possession of said premises; that it was not necessary in this case that the defendant should surrender to the plaintiff the possession of said premises before claiming title; and that, under the tax deed, the defendant was entitled to recover.

Thereafter, judgment was entered in favor of the defendant, that the right of possession of the premises was, at the commencement of the action, in him, and the plaintiff brings the case here.

*A. Perry*, and *F. Babcock*, for plaintiff in error.

*W. D. Webb*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In the case of *Morrill v. Douglass*, 14 Kas. 293, it was decided that the property which cannot be sold to individuals at a tax sale, and is therefore struck off to the county, does not become thereby, like ordinary property of the county, subject to the control of the commissioners, and that, in the absence of any statute giving such authority, the county commissioners are not authorized to contract for the

transfer and assignment of tax-sale certificates for lands struck off to the county at prior tax sales; and a contract therefor is *ultra vires*, and void. In 1877, the statute in this regard was like that in force in 1868, and within the decision of *Morrill v. Douglass*, supra, the order of the commissioners of Doniphan county of December 3d, 1877, allowing the defendant in error, Charles Cain, to purchase the lots in controversy for a sum less than the cost of redemption as then provided by the statute, was utterly void. Cain acquired no rights by such order, nor were the treasurer and county clerk of Doniphan county justified thereby in disregarding the provisions of the statute. Cain was not entitled to any tax-sale certificate or any assignment of such certificate on the property struck off to the county at a tax sale, until he had paid into the county treasury a sum of money equal to the cost of redemption of the land at that time. (Laws 1876, ch. 34, § 117.)

The void order of December 3, 1877, and the money paid in accordance therewith, were the only consideration for the tax certificate of December 4, 1877, and the assignment of the same. The tax deed was issued upon this tax certificate. The certificate was void; the assignment thereof was void; and the tax deed, being issued without warrant of law, was also void. It transferred no title to the defendant, and was no valid defense to the action of plaintiff. In obtaining the tax certificate and tax deed, the defendant assumed to disregard the law, and must be presumed to have known that the officers of the county with whom he contracted acted without authority. "The limits of an officer's authority are found in the law," and they who deal with officers are chargeable with notice of the limits of such authority, and can receive no protection from acts done by such officers beyond the limits of their authority. (*City of Eureka v. Davis*, 21 Kas. 578; *Hartford Fire Ins. Co. v. State*, 9 Kas. 210; *Commissioners of Shawnee County v. Carter*, 2 Kas. 115, 128.)

The judgment of the district court will be reversed, and

32—22 KAS.

the cause remanded with directions to the court to render judgment upon the findings of fact in favor of the plaintiff.

All the Justices concurring.