## WILLIAM MACK v. JOHN M. PRICE.

1. EJECTMENT; *Occupying - Claimant Law; Proceeding in Error; No Estoppel.* Where a defendant who is defeated in an action in the nature of ejectment, after the verdict is rendered, files in the office of the clerk of the district court a written request for the benefit of the occupying-claimant law, and the judgment recites that the defendant has made claim for improvements as an occupying claimant, but such defendant stops with said request, and does not demand a jury for the assessment of his improvements, and excepts to the findings of fact and conclusions of law, and to the judgment rendered, and also obtains time in which to make and serve a case to review the rulings of the trial court, *held*, such defendant is not estopped by the steps so taken by him from instituting and maintaining proceedings in error to reverse the judgment rendered in the action against him.

2. CASE, *Distinguished.* The case of *Bradley v. Rogers*, 33 Kas. 120, distinguished.

3. TAX DEED, *Valid on Face.* A tax deed that is substantially in the form prescribed by the statute is valid on its face, although immaterial words of the statutory form are omitted, if everything of substance required by the statute as to form is found in the deed, when all of the recitations of the deed are taken together and so considered.

4. TAX DEED — *Words Properly Omitted.* Where a tax deed recites that no person offered to pay the taxes, interest and costs (naming the amount) then due and remaining unpaid on certain lots, (describing the same,) nor any part or parcel thereof, and that the whole of said real estate was bid off by the county treasurer for the county for the amount of taxes, penalty and charges, and that subsequently, upon a date named, the county clerk of the county duly assigned the certificate of sale of said real estate, and all the right, title and interest of the county therein and to said property, to one M., *held,* that the words "was the least quantity bid for" were properly omitted from the tax deed, as the county is not a voluntary or a competitive bidder. (*Larkin v. Wilson,* 28 Kas. 513; *Magill v. Martin,* 14 id. 67.)

5. CASE, *Distinguished.* The case of *Noble v. Cain,* 22 Kas. 493, distinguished.

*Error from Atchison District Court.*

ACTION brought July 28, 1883, by *John M. Price* against *William Mack,* for the recovery of the immediate possession of lots 12 and 13, in block 27, North Atchison, Atchison city. The defendant answered, admitting possession and claiming title in himself under a tax deed of December 7, 1869. Trial had at the November Term, 1884, by the court. The court made the following findings of fact:

"1. At the commencement of this action, the plaintiff was the owner in fee simple of the real property in controversy, to wit, lots 12 and 13, block 27, North Atchison, an addition to the city of Atchison, in Atchison county, Kansas, by a chain of conveyances from the government of the United States, the original owner, except as the same may be affected by the tax proceedings and tax deed hereinafter mentioned. Said lots were vacant, unimproved and unoccupied until the defendant took possession of the same as hereinafter stated, and no improvements have ever been made thereon except by the defendant.

"2. At the commencement of this action, the defendant was in the actual and visible possession and occupation of said real property, and he had been in such possession and occupation thereof ever since the year 1870, during which year he built a house thereon, into which he moved with his family. Ever since May 27, 1871, his possession thereof was under a claim of right by virtue of a tax deed executed by Chas. W. Rust, county clerk of said county of Atchison, of date December 7, 1869, acknowledged May 27, 1871, and recorded on the same

day in book 'W,' at page 469, in the office of register of deeds of said county, with the following exception. Exhibit 'A,' attached to the defendant's amended answer, is a substantial copy of said tax deed and the acknowledgment thereof, namely: the concluding part of the body of said original deed is as follows, namely:

"'In witness whereof, I, Chas. W. Rust, county clerk as aforesaid, have hereunto subscribed my name and affixed my official seal, on this 7th day of December, 1869.

[Signed] CHAS. W. RUST, *County Clerk*.'

Whereas in said exhibit 'A' the concluding part of the body of the said deed as therein copied is as follows, namely:

"'In witness whereof, I, Chas. W. Rust, county clerk as aforesaid, by virtue of authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this 7th day of December, 1869.

[Signed] CHAS. W. RUST, *County Clerk of Atchison Co., Kas*.'

"The defendant paid $1.50 as fee for recording said deed. The seal actually used by the county as established by the board of county commissioners and kept in the office of the county clerk, was the one used and affixed to the original deed herein.

"3. From evidence outside of said deed it appears that said real property was liable to taxation for the year 1862, and ever since, and that the same was assessed upon the assessment roll of said year as follows: Lot 12, block 27, North Atchison, to F. G. Adams, valuation $20; lot 13, block No. 27, North Atchison, to F. G. Adams, valuation $20; and said lots were placed on the tax-rolls of said year in accordance with said assessment roll, each lot being valued at $20, and the total tax on each lot being 46 cents, and F. G. Adams being named as owner.

"From the record of tax sales, it appears that said lot 12, assessed to F. G. Adams, was sold to the county May 15, 1863, for 80 cents; certificate No. 2317; tax of 1863, $1.51; tax of 1864, .74; tax of 1865, $2.04; tax of 1866, .99; tax of 1867, 1.29; tax of 1868, $1.22; assigned to William Mack, June 3, 1869.

"Lot 13, the same in all respects as lot 12, except that the certificate number is 2318; the duplicate book of tax sales in the county clerk's office shows all of the facts stated in the original book of tax sales, and also the further fact that each of said lots was deeded to William Mack, December 7, 1869.

"4. The tax-sale notice under which said lots were sold reads as follows:

"'*Delinquent Tax List of Atchison County, for State, County, School and Township Tax for the year 1862.*—I will offer for sale on the first

Tuesday of May next so much of each parcel of the following-described lands or lots as may be necessary to pay the taxes thereon, in front of the county treasurer's office in the city of Atchison, state of Kansas, commencing at 10 o'clock A. M. of said day, and continuing from day to day until disposed of.

(Signed) FRANK BIER, *County Treasurer.*

Atchison, April 4, 1863.'

The accompanying list described said two lots:

" 5. The notice of expiration of time for redemption from said sales is as follows:

"'*Tax Notice of the Expiration of the Time Limited for Redemption of Lots and Lands sold at the Tax Sales made in May, 1863, for Delinquent Taxes of the year 1862.*—Notice is hereby given that all lands and lots sold on May the 5th, and subsequent days, remaining unredeemed, will be conveyed to the respective purchasers thereof unless redeemed on or before the day limited and hereinafter mentioned. The day of expiration, the amount of tax, including interest, to the last day of redemption, and the tax of 1864, also included, is as follows :

(Signed) SAMUEL C. KING, *County Treasurer.*'

"In the list on file in the county clerk's office said lots 12 and 13 are under date of May 15, 1865. There is no name opposite the lots, nor upon the list, to indicate the ownership, nor to whom assigned. The amount carried out opposite lot 12 is $4.45, and the amount carried out opposite lot 13 is $5.45; said notice was published in the Atchison *Champion*, a weekly newspaper published in said Atchison county, and of general circulation therein, on December 8, 1864, December 15, 1864, December 22, 1864, and December 29, 1864, and in no other manner and at no other dates.

" 6. Said lots were sold for the taxes of 1869, and the taxes of 1870 were charged upon the sale, the aggregate taxes for the two years being as follows: On lot 12, $3.44; on lot 13, $9.13; total, $12.57. On May 6, 1871, the defendant redeemed the same from said sale and for said taxes of 1869, 1870, paying for such redemption as follows: For lot 12, $5.16; and for lot 13, $12.27; total, $17.43, including certificate of redemption.

"7. The defendant paid the subsequent-taxes on said lots as follows: Taxes of 1871, paid January 1, 1872, on lot 12, $1.53, on lot 13, $7.64; taxes of 1872, paid May 5, 1873, on lot 12, $1.66, on lot 13, $8.32; taxes of 1873, paid May 11, 1874, on lot 12, $1.85, on lot 13, $7.71; taxes of 1874, paid June 18, 1875, on lot 12, $1.64, on lot 13, $4.62; taxes of 1875, paid June 20, 1876, on lot 12, $2.26, on lot 13, $5.81; taxes of 1876, paid June 20, 1877, on lots 12 and 13, $4.55; taxes of 1877, paid June 20, 1878, on lots 12 and 13,

$4.86; taxes of 1878, paid June 20, 1879, on lots 12 and 13, $4.80; taxes of 1879, paid June 20, 1880, on lots 12 and 13, $4.97; taxes of 1880, paid June 20, 1881, on lots 12 and 13, $6.07; taxes of 1881, paid June 20, 1882, on lots 12 and 13, $5.66; taxes of 1882, paid June 20, 1883, on lots 12 and 13, $5.23; taxes of 1883, paid June —, 1884, on lots 12 and 13, $5.57."

Thereon the court made the following conclusions of law:

"1. Said tax deed is not regular on its face, and is not in substantial compliance in form with the provisions of law, and it bears evidence upon its face that the provisions of the law were not complied with, and in the two proceedings prior to the execution of said tax deed the law was not complied with.

"2. The plaintiff is the owner of the real estate in controversy, and his cause of action is not barred by the statute of limitation.

"3. Before the plaintiff is let into possession of said real property, he should be required to pay to the defendant the full amount of all taxes paid by the defendant upon said real property, with interest thereon at the rate of fifty per cent. per annum and costs up to the date of said tax deed December 7, 1869, including the cost of said tax deed and the recording of the same, with interest on such amount at the rate of twenty per cent. per annum, and the further amount of taxes paid by the defendant after the date of said tax deed, with interest thereon at the rate of twenty-five per cent. per annum.

"4. Subject to said charge for taxes and to the defendant's rights, if any, as an occupying claimant, the plaintiff is entitled to recover said real property, with costs of suit."

A copy of the tax deed attached to the answer, and marked "Exhibit A," is hereinafter set forth in full. The words therein inserted in italics are found in the statutory form, but not in the deed. The words in parenthesis are found in the deed, but not in the statutory form.

"*Know all men by these presents*, That whereas, the following described real property, viz., lots twelve and thirteen, block No. 27, North Atchison, Atchison city, situated in the county of Atchison and state of Kansas, was subject to taxation for the year 1862; and whereas, the taxes assessed upon said real property for the year aforesaid remained due and

unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 15th day of May, 1863, by virtue of the authority in him vested by law, at an adjourned sale, *of the sale* begun and publicly held on the first Tuesday of May, 1863, expose to public sale at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of (the) taxes, interest and costs, then due and unpaid *upon* said property; and whereas, at the place aforesaid, no person offering to pay the sum of one dollar and sixty cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for lots twelve and thirteen, block No. twenty-seven, North Atchison, (nor any part or parcel thereof,) *which was the least quantity bid for,* the whole of said real property was bid off by the said county treasurer for said county of Atchison, for the amount of taxes, penalty and charges thereon as aforesaid; and whereas, the county clerk of said Atchison county did, on the 10th day of August, 1869, duly assign the certificate of the sale of the property as aforesaid, and all the right, title and interest of (said) Atchison county in and to said property to William Mack, of the county of Atchison and state of Kansas; and whereas, the subsequent taxes of the years 1864, 1865, 1866, 1867, 1868, amounting to the sum of twenty and $\frac{70}{100}$ dollars (and seventy cents) have been paid by the purchaser (and assignee of said certificate) as provided by law; and whereas, five years have elapsed since the date of said sale, and the said property has not been redeemed therefrom as provided by law:

"Now, therefore, I, Chas. W. Rust, county clerk of the county aforesaid, for and in consideration of the sum of twenty-two dollars and thirty cents, taxes, cost and interest due on said land for the years 1863, 1864, 1865, 1866, 1867, and 1868, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said William Mack, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said William Mack, his heirs and assigns forever, subject, however, to all rights of redemption provided by law.

"In witness whereof, I, Charles W. Rust, county clerk as aforesaid, *by virtue of authority aforesaid,* have hereunto sub-

scribed my name, and affixed [my] *the* official seal *of said county,* on this 7th day of December, 1869.

[Seal.] CHAS. W. RUST, *County Clerk.*
*Witnesses:* WM. H. WILLIAMS,

D. E. MERWIN.

"[THE] STATE OF KANSAS, ATCHISON COUNTY, *ss.*—I hereby certify, that before me, J. J. Locker, a register of deeds in and for said county, personally appeared the above-named Charles W. Rust, clerk of said county, personally known to me to be the clerk of said county at the date of the execution of the above conveyance, and to be the identical person whose name is affixed to and who executed the above conveyance as clerk of said county, and *who* acknowledged the execution of the same to be his voluntary act and deed as clerk of said county, for the purpose therein expressed.

" Witness my hand and official seal, this 27th day of May, 1871. [Seal.] J. J. LOCKER,

*Register of Deeds.*"

The defendant excepted to conclusions of fact 3, 4 and 5, and to conclusions of law 1, 2, 3 and 4. Judgment having been entered accordingly, the defendant further excepted, and brings the case here.

*Martin & Orr,* for plaintiff in error.

*L. F. Bird,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: John M. Price is the owner of the patent title to the lots in controversy. These lots were subject to taxation for the year of 1862, and were sold for delinquent taxes, May 15, 1863, and bid in by the treasurer of Atchison county; the certificate of sale was assigned by the county clerk of said county, August 10, 1869, to William Mack, and a deed issued to him for the lots on December 7, 1869, which was recorded May 25, 1871. In 1870, Mack took actual possession of the lots, and has ever since occupied them as a homestead for himself and family. The trial court determined that the tax deed under which Mack claims is not in substantial compliance with the provisions of law.

Two questions are presented by the record: *First*, Is Mack estopped by the steps he has taken in order to avail himself of his rights as an occupying claimant from instituting proceedings in error to reverse the judgment? *Second*, Is the tax deed sufficiently regular on its face to set the statute of limitations in operation? The trial court filed its findings of fact and conclusions of law on December 2, 1884, and rendered judgment upon that day. The part of the judgment following the conclusions of fact and law was not actually entered upon the journal until December 6th. Price was adjudged the owner in fee simple of the lots in dispute, and entitled to the possession thereof, subject to all taxes, interest and costs allowed by law, and to the rights of Mack, if any, as an occupying claimant. On December 5, 1884, Mack filed in the office of the clerk of the district court his motion for the benefit of the occupying-claimant act, which motion was allowed, and when the judgment was entered, it recited that Mack had made claim for improvements as an occupying claimant. On January 16, 1885, Price filed in the office of the clerk of the district court his written demand for a jury to assess the value

2. Case, distinguished. of the improvements. In *Bradley v. Rogers*, 33 Kas. 120, the defeated parties did not stop with merely requesting to be reimbursed for the taxes, interest and costs which they had paid upon the property in controversy, and for the benefit of the occupying-claimant law, but they went further, and demanded a jury for the assessment of their improvements, and such jury was awarded to them by the court. In this case, Mack made no demand for a jury, and the action of Price in making such demand cannot be considered to his injury, and therefore cannot be urged as an election by him to take the rights of a defeated party. We followed, in *Bradley v. Rogers*, a Nebraska case, but are unwilling to extend the law of election, concerning the institution of proceedings under the occupying-claimant law, any further than already announced. (*Buchanan v. Dorsey*, 11 Neb. 373.) Mack excepted to the findings of fact and conclusions of law of the trial court, and also to the judgment as rendered. He

filed a motion for a new trial, and when that was overruled, he excepted, and obtained twenty days' time in which to make and serve a case-made to review the rulings of the trial court. Having made no demand for a jury for the assessment of his

**1. Ejectment; occupying-claimant law; proceeding in error, no estoppel.** improvements as an occupying claimant, and having made the exceptions he did, we do not think the steps taken by him after the rendition of the judgment debar him from instituting and maintaining these proceedings in error to reverse the judgment.

In support of the conclusion of the trial court that the tax deed is not in substantial compliance with the provisions of law, the following supposed irregularities are referred to:

*First.* It is said that "the tax deed recites that the sale was an adjourned sale begun and held on the first Tuesday of May, 1863;" but the recitation in fact is, "Whereas, the treasurer of said county did, on the 15th day of May, 1863, by virtue of authority in him vested by law, at an adjourned sale begun and publicly held on the first Tuesday of May, 1863," etc. The words "of the sale" in the statutory form are omitted from the deed. Section 36, ch. 197, Comp. Laws of 1862, in force at the date of the tax sale provides:

"The county treasurer shall, immediately after the day specified in the preceding section, make out a list of all the lands and town lots, describing such lands and town lots, as the same are described on the tax-roll, with an accompanying notice, stating that so much of each tract of land or town lot described in said list, as may be necessary for that purpose, will, on the first Tuesday of May next thereafter and the next succeeding days, be sold by him at public auction, at some public place, naming the same, at the seat of justice of the county, for the taxes, penalty and charges thereon."

And sec. 39 of said chapter 197 reads:

"On the day designated in the notice of sale, the county treasurer shall commence the sale of those lands and town lots on which the taxes, penalty and charges have not been paid, and shall continue the same from day to day (Sundays excepted,) until so much of each parcel thereof shall be sold as shall be sufficient to pay the taxes, penalty and charges

thereon, including the cost of advertising and the fees for selling."

As a tax deed need not be in the exact form prescribed by the statute, but is good if it is substantially in the form prescribed, we do not think the omission of the words "of the sale" fatal. The recitation in the deed clearly shows that the treasurer sold the lots on the 15th of May, 1863, and that such sale was an adjourned sale succeeding the first Tuesday of May, 1863. The tax sale must of necessity have been an adjourned sale of the sale begun on the first Tuesday of May, 1863.

3. Tax deed, valid on face.

*Second.* The following words in the statutory form, "which was the least quantity bid for," are also omitted in the deed, but this omission is proper in every respect. The statute in 1863 required, as now, that if any land could not be sold for the amount of taxes and charges thereon, it should be bid off by the county treasurer for the county for such amount. The county is not a voluntary or a competitive bidder, and therefore, where a deed recites that no person offered to pay the taxes and charges and the county treasurer bid the same off for the county for the amount thereof, it would be improper to recite in a tax deed based upon such a sale, that the land bid off for the county "was the least quantity bid for." When the treasurer bids off property for the county, the county takes the whole property. (*Larkin v. Wilson*, 28 Kas. 513; *Magill v. Martin*, 14 id. 67.)

4. Tax deed; words properly omitted.

*Third.* Another objection to the deed is, that it shows on its face that it was executed for a less consideration than the amount due. If this be true, the objection is without force, as it was disposed of in the case of *Bowman v. Cockrill*, 6 Kas. 311. We quote from that decision as follows:

"As to the second supposed irregularity in the tax deed, this court is of the opinion that the blank was not filled up with the proper amount, but that it should have been filled up with a much larger amount—an amount equal to and including all the taxes, costs and interest due on said lot at the time the deed was made and paid by the holder or holders of the

tax-sale certificate upon which said tax deed was made; but still, we think it is immaterial whether that blank was filled with the right amount or with a less amount, as a less amount can do no one any possible injury, unless it is the grantee of the tax deed himself. It can certainly do no injury to the original owner of the lot."

In the case of *Noble v. Cain*, 22 Kas. 493, to which we are referred, the county commissioners, without any authority, made an order that Cain might purchase certain lots struck

5. Case, distin-guished.

off to the county at a tax sale for want of bidders, for a sum of money less than the cost of redemption. We held that this order was void, and that the purchase by Cain thereunder was equally void. This and nothing more. We did not intend to overrule or modify *Bowman v. Cockrill*, supra. The tax deed, however, recites a sale to the county on May 15, 1863, and that the county clerk of Atchison county, on August 10, 1869, *duly* assigned the certificate of sale of these lots, and all the right, title and interest of said county in and to the lots, to Mack. Within the case of *McCauslin v. McGuire*, 14 Kas. 234, upon such a recitation it will be presumed that the certificate was duly assigned, and that the assignee paid the amount required by law at the time of the assignment.

*Fourth.* The tax deed is not void because it shows the two lots were assessed, sold and deeded as one tract of land. (*McQuesten v. Swope*, 12 Kas. 32; *Watkins v. Inge*, 24 id. 612; *Cartwright v. McFadden*, 24 id. 662.)

*Fifth.* From the attestation or conclusion of the deed, "by virtue of authority aforesaid," and "my official seal," are omitted. The attestation or conclusion is as follows:

"In witness whereof, I, Chas. W. Rust, county clerk as aforesaid, have hereunto subscribed my name and affixed my official seal, on this 7th day of December, 1869.

[Seal.]                                 CHAS. W. RUST, *County Clerk.*
*Witnesses:* WM. H. WILLIAMS,
                D. E. MERWIN."

The statute provides that it shall be substantially in the form prescribed. The deed recites that the sale is made by

Chas. W. Rust, county clerk of Atchison county, and is wit-
nessed by Chas. W. Rust as county clerk. As Chas. W. Rust
signs the deed as county clerk, "my official seal" evidently
refers to his official seal as county clerk, and therefore "the
official seal of said county." We do not think the omission
of the words noted renders the deed void. (*Haynes v. Heller*,
12 Kas. 381; *Morrill v. Douglass*, 14 id. 294; *Bowman v.
Cockrill*, supra; *Geekie v. Company*, 9 Reporter, 37; *Scheiber
v. Kaehler*, 5 N. W. Rep. 817; *Barr v. Randall*, just decided.)
The substance of the words "by virtue of authority afore-
said" is fully expressed in other recitations of the deed, when
the whole deed is taken and considered together.

Several cases in Wisconsin and other· states are referred to
by counsel, showing omissions in tax deeds which constituted,
in those cases, fatal defects. So far as any of these decisions
are in conflict with the prior adjudications of this court, we
are not inclined to follow them. There is no doubt that the
form of a tax deed prescribed by the statute must be sub-
stantially pursued, or the deed will be invalid, but all the
terms of the deed must be considered, and if everything sub-
stantially required by the statute as to form is found in the
deed, the deed will be *prima facie* valid although some imma-
terial words are omitted therefrom. There are no equities in
this case in favor of the original owner, and if the tax deed is
valid on its face, the statute of limitations having completely
run in its favor, the deed becomes conclusive evidence of the
regularity of the tax proceedings, and vests in the grantee an
absolute estate in fee simple of the lots therein described.
The original owner seems to have abandoned these lots in
1862, and has never paid any taxes thereon since that time—
over twenty years—and no legal steps were· taken by such
owner, or any person claiming under him, to regain possession
of the lots, until July 28, 1883. No taxes having been paid
upon the lots for 1862, they were bid off by the county on
May 15, 1863. On August 10, 1869, the county clerk of
Atchison county assigned the certificate of sale to Mack, and
on December 7, 1869, the county clerk issued to him a tax

10—35 KAS.

deed.    In 1862, the lots were assessed at $20 each, and are now worth between $600 and $700 without any improvements on them.    Mack took possession of the premises in the spring of 1870.    During that year he built a house thereon, into which he moved with his family, and since that time has fenced the lots and planted a great many trees on them.    He has continued in the actual and peaceable possession of the lots ever since 1870, and has paid all the taxes assessed against the lots since 1862.

Upon the findings of fact of the trial court, we are of the opinion its conclusions of law that the tax deed is not in substantial compliance with the provisions of the statute, and that the original owner of the real estate is not barred by the statute of limitations, are erroneous.    Therefore, upon the findings of fact Mack is entitled to judgment.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.