SMITH v. FINLEY.

52 373
58 188

1. JUDGMENT: *By confession in justice's court.*
   Where the entry of a judgment by confession in the docket of a justice of the peace does not show, except by inference, that the defendant personally appeared in the justice's court as provided by the statute [*Mansf. Dig., sec. 5185,*] governing confessions of judgment, and it is shown by parol testimony that he did not in fact appear, the judgment will be held void.

2. USURY: *Trustee's sale.*
   The sale of property under a power contained in a deed of trust will pass no title where the deed is executed to secure the payment of a note void for usury.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

O. F. Smith sued Addie Finley for the possession of lot 6, of block 74, of the Hot Springs Reservation, in Garland County, and claimed title under a deed of trust made by defendant to D. Beitler, trustee, for the benefit of E. Smith, under which there was a sale of the property by R. L. Williams, Sheriff of Garland County, the trustee having refused to act,

purchase by O. F. Smith, and a subsequent conveyance made by the Sheriff to him, the appellant.

The deed of trust was filed as an exhibit to the complaint. It bears date September 5, 1885 ; indebtedness, $60; authorizes the Sheriff of Garland County to act in case of the trustee's refusal. The deed of the Sheriff, bearing date July 19, 1887, was filed as an exhibit to the complaint ; recites a sale on the 21st day of February, 1887, after publication of notice according to the terms of the deed of trust, the refusal of the trustee to act, bid of appellant of $66.50, etc. This deed was duly acknowledged and both were recorded. The deed of trust bore the following indorsement: "I hereby refuse to act as trustee for the sale of the within described property. D. Beitler, trustee." The deeds were introduced in evidence on the part of the plaintiff, also the advertisement of sale. The defendant pleaded usury. The original transaction was shown by the evidence to be usurious. Plaintiff introduced in evidence a judgment of Henry James, a justice of the peace, as follows :

"In Justice Court, Garland County, Arkansas.
"Before H. James, Justice of the Peace.

"E. Smith, plaintiff,  ⎫
       v.               ⎬ Judgment by confession.
"Addie Finley, defendant. ⎭

"On this, the third day of November, 1886, comes said plaintiff by agent, O. F. Smith, and files before me one promissory note against the defendant for the sum of $60, dated September 5, 1885, and made payable to E. Smith, or order, two months after date, with 10 per cent. interest per annum from maturity until paid, and secured by deed of trust of even date herewith, and the said defendant says that she is indebted to the said plaintiff in the sum of $60, and confesses that judgment may be rendered against her for said amount. It is therefore considered by me that said plaintiff have judgment and recover from said defendant the sum of $60 with all

Smith v. Finley.

the interest and all the costs in and about this suit expended.

"H. JAMES, J. P."

The justice of the peace, James, who entered the judgment, testified that he went with the plaintiff, and at the latter's request to the defendant's house, and she there, at the date of said entry, and with the plaintiff's consent, confessed judgment on the note secured by the mortgage. On cross-examination he stated that he went with the plaintiff to defendant's home and she stated that she owed the note; but that she did not come to his office to confess judgment, and he did not see her in his office. The defendant testified that the justice merely asked her if she owed the note, and she answered "yes;" that she did not understand that she was confessing judgment and did not do so.

The plaintiff moved the court to instruct the jury that after the defendant confessed a judgment on the note that it was too late for her to make the defense of usury, but the court refused to do so, and the plaintiff excepted.

The verdict was for the defendant and the plaintiff appealed.

Section 5185 Mansf. Dig. is as follows:

"Any person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor or person having such cause of action, confess judgment therefor, whereupon judgment shall be entered accordingly."

*R. G. Davies* and *Charles D. Greaves*, for appellant.

1. Judgments by confession are no more open to collateral attack than other judgments. They may be set aside for fraud, but are not vitiated by mere irregularities. *4 Watts, 474; 61 Pa. St., 96; 6 Or., 344; 1 Bibb., 164; 17 Fed. Rep., 98; 9 Atl. Rep., 670; 5 Oh., 523; 13 Oh. St., 446; 30 id., 69; 9 Tex., 495.*

2. The judgment of the justice substantially complied with the statute, and operated as a release of errors. *Mansf.*

*Dig., sec. 5187; 1 Ark., 169; 11 id., 313; ib., 572; Freeman on Judg., secs. 334-7.*

3.   The confession of judgment precluded the defense of usury.   See *4 Cow., 457; 3 Humph., 63; ib., 559; 3 Cald., 477; 5 Rand., 543; 16 Am. Dec., 759; Freeman on Judg., sec. 502; 2 Burr, 1009; 4 East, 313; 3 Minor Inst., p. 132.*

PER CURIAM.   The justice's record does not show jurisdiction of the person of the defendant Finley unless by inference. The parol testimony which was heard at the trial, and was admissible to show want of jurisdiction (*Jones v. 7erry, 43 Ark., 230; Visart v. Bush, 46 ib., 153*), is conclusive of that fact.   The judgment was, therefore, void.

The proof was clear that the contract was usurious.   The plaintiff, therefore, took nothing by his purchase at the trustee's sale.

Affirm.