### SCOTT et al. v. POTTS et al.

No. 4657—Opinion Filed May 9, 1916.

Rehearing Denied September 19, 1916.

(159 Pac. 932.)

1. Appeal and Error—Ejectment—Demand for Trial—Estoppel to Appeal.

No estoppel to contest by appeal the judgment of ouster in an action of ejectment arises by reason of the mere filing after judgment of a demand for a trial of defendant's rights as occupying claimants.

2. Ejectment—Actions—Issues.

A determination of the rights of an occupying claimant has no proper place in the trial of the main issue in an action of ejectment, even though the parties consent to submit such issues upon the main trial.

3. States—Right to Plead Usury—Constitution.

The right to plead the defense of usury to a contract executed under the laws of the Indian Territory is preserved by virtue of the Schedule to the Constitution of Oklahoma, even though the action in which such plea is offered was not instituted until after the admission of the state.

4. Usury—Plea—Return.

The plea of usury to a contract executed under the laws of the Indian Territory, offered in an action of ejectment, no affirmative equitable relief being sought, does not impose upon the party making such plea any return of the original loan.

(Syllabus by Burford, C.)

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by James P. Potts and others against Alex Scott and others. From a judgment for plaintiffs, defendants appeal. Reversed in part and affirmed in part.

J. B. Campbell, for plaintiffs in error.

Bailey, Wyand & Moon, for defendants in error.

Opinion by BURFORD, C. The parties will be designated as in the court below. The essential facts are that the plaintiffs sued for the recovery of certain real property in the city of Muskogee, in the possession of defendants, and for the rents and profits thereof while held by the defendants. Defendants, answering, first pleaded a general denial, and for a second defense alleged the execution of a certain deed of trust by James P. Potts to A. C. Trumbo, trustee, to secure certain sums due the Iowa Land & Trust Company, a private corporation of the Indian Territory, a sale under said deed of trust to said Iowa Land & Trust Company, and a subsequent conveyance to defendant Alex Scott, and that the premises were taken under said conveyance, and many valuable improvements made in good faith. The material clauses of the deed of trust are:

"This deed of trust is given to secure the payment of a debt evidenced by certain promissory notes executed by the said James P. Potts and Eliza Potts, husband and wife, of the first part, and payable to the said third party or order, and bearing the same date as this deed of trust, and described further as follows: One principal note for the sum of five hundred dollars (and being for the principal sum loaned), payable two years, with

interest therein specified at the rate of eight per centum per annum after maturity; also eight interest notes of $25.00 each, payable every three months respectively."

The plaintiffs replied that the deed of trust was given to secure a usurious consideration, and was void upon its face and in fact, and that same was of record, and that the defendants had actual and constructive notice of its invalidity prior to the time any improvements were made. All the transactions referred to took place in the Indian Territory prior to statehood. The present action was commenced after the creation of the state of Oklahoma. At the trial the parties "consented" to the trial court determining the question as to whether defendants were entitled to the value of any improvements; the amount to be determined at some later date. The court, a jury being waived, rendered judgment against the defendants for the possession and for rents and profits, and that defendants were not entitled to the value of any improvements. Defendants filed a motion for new trial, and on the same day a demand for a trial of their rights as occupying claimants. The motion for new trial was overruled, but, so far as the record shows, the demand for a trial under the occupying claimant's act is still pending. Upon the order overruling the motion for new trial the defendants bring the cause here for review.

We are met at the outset by the contention that no errors in the judgment for possession or mesne profits can be reviewed upon the theory that by asserting their rights as occupying claimants defendants waived any right to review the main judgment, and Bradley v. Rogers, 33 Kan. 120, 5 Pac. 374, and Buchanan v. Dorsey, 11 Neb. 373, 9 N. W. 546, are cited in support. In those cases it was held that where, after judgment was rendered, the unsuccessful defendant demanded and had a jury trial upon the value of his improvements, he was therefore estopped to raise questions of error in the original judgment upon the ground that he had caused trouble and expense in asserting right as an occupying claimant, which could only be based upon title in plaintiff in the original action. But in the Kansas case Judge Valentine, writing the opinion, expressly reserved the question of the effect where the demand was made, but no trial had, and in Mack v. Price, 35 Kan. 134, 10 Pac. 521. (6), the Supreme Court of Kansas expressly refused to extend the doctrine of estoppel to such a case. Under our practice the question of the rights of an occupying claimant has no place in the trial of an action in the nature of ejectment.

Wolcott v. Smith, 33 Okla. 249, 124 Pac. 970; Provens v. Ryan, 57 Okla. 175, 156 Pac. 351. It is an express statutory right arising, by the very terms of the statute creating it, only after a better title than that of the defendant has been "set up and proved," and only after judgment has been rendered against such defendant. Rev. Laws 1910, secs. 4933, 4934. Being such under our practice, we think the "consent" of parties to try that question in the main action, where it had no place, was without force, could not prejudice either, and that, the subsequent proceedings consisting only in a "demand" for the trial of such rights which was not even acted upon, the rule laid down in Mack v. Price, supra, may be properly applied and the contention of an estoppel here denied.

The defendants insist, first, that inasmuch as this action was not brought until after statehood, the plaintiffs could predicate no right upon the laws in force in the Indian Territory at the time the deed of trust was executed, and later foreclosed, upon the theory that the repeal of a usury statute takes away the right to plead usury even as to a contract executed while such law was in force, and that, inasmuch as there is not, and never has been, a statute of Oklahoma making conveyances securing usurious contracts void, any statute to that effect in the Indian Territory was repealed at the formation of the state. This contention must be denied by reason of section 1 of the Schedule of the Constitution, which provides, in part, as follows:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

In International Bank of Coalgate v. Mullen et al., 30 Okla. 547, 551, 120 Pac. 257, 258 (Ann. Cas. 1913C, 180), a case started before statehood, but tried afterwards, it was contended that:

"Defendants are estopped from setting up the defense of usury, for the reason that they did not plead the same prior to statehood, and after statehood they failed to plead or prove the law that was in force in the Indian Territory at the time the note was made, and, in the absence of such pleading and proof, it must be presumed that the law is the same as that of Oklahoma."

But this contention was by this court denied and it was held that the right to plead usury was a right or claim preserved to the defendant by the Schedule.

It is true that the Mullen Case, supra, was one started before statehood, but the plea of

usury was not interposed until after statehood, and the decision is upon the effect of the constitutional provision aside from any question of a pending suit.

It is next contended that the plaintiffs could not recover without returning the consideration actually received by them. Mansfield's Dig. of the Laws of Arkansas, in force in the Indian Territory at the time of these transactions, provides:

"Section 4732. All contracts for a greater rate of interest than ten per centum per annum shall be void as to principal and interest, and the General Assembly shall prohibit the same by law (a) ; but when no rate of interest is agreed upon, the rate shall be six per centum per annum." Article XIX, sec. 13, Const. of Arkansas 1874.

"Section 4735. All bonds, bills, notes, assurances, conveyances, and all other contracts or securities whatever, whereupon or whereby there shall be reserved, taken or secured, or agreed to be taken or reserved, any greater sum or grater value for the loan or forbearance of any money, goods, things in action, or any other valuable thing, than is prescribed in this act shall be void."

It is true, as contended, that in equity the Arkansas court has held that under these and similar provisions parties seeking the aid of equity must do equity, and return the consideration received. Ruddell v. Ambler, 18 Ark. 369; Tillar v. Cleveland, 47 Ark. 287, 1 S. W. 516; Anthony v. Lawson, 34 Ark. 628; Grider v. Driver, 46 Ark. 50. But it was only in equity, and not at law, that such a condition was imposed. Smith v. Finley, 52 Ark. 373, 12 S. W. 782, and see International Bank v. Mullen, supra.

Granting that the plaintiffs' right under the laws of the Indian Territory came over under the Constitution charged with all the burdens and limitations of that right under the Indian Territory law, still it seems that the contention made cannot here prevail. This was an action in the nature of ejectment. The plaintiffs in their reply setting up the invalidity of the trust deed to Trumbo pleaded that it was void upon its face and did not ask any affirmative relief. They did not ask the aid of equity, but stood upon their action at law. After a careful examination of the cases bearing upon the Arkansas practice, we are of the opinion that under that practice plaintiffs, in an action of ejectment, could plead usury to avoid an instrument in the defendants' chain of title without seeking a transfer to the equity docket. Ward v. Sturdivant, 81 Ark. 73, 98 S. W. 690, seems to govern in principle the decision here. In that case the plaintiff sued in ejectment. Defendant deraigned his title,

and plaintiff replied that the deed under which the defendant claimed was void because executed in fraud of creditors. The Supreme Court of Arkansas held that these matters might be tried in the law in the ejectment action, and that a motion to transfer to the equity docket was properly denied. In Meadors v. Johnson, 27 Okla. 544, 112 Pac. 1121, this court held that under the Indian Territory practice usury might be pleaded in an action of ejectment without, however, passing upon any question of return of consideration.

Passing then to the merits of the case, it suffices to say that we agree with the trial court in his conclusion that the trust deed was given to secure a usurious consideration, and was therefore void. The considerations referred to earlier in this opinion, however, constrain us to hold that the judgment of the trial court as to the defendants' right to the value of their improvements was beyond its power to render at that time, and was therefore of no effect.

That part of the judgment of the trial court, therefore, denying defendants' asserted right to any part of the improvements upon the land in question is set aside and reversed, with directions to the trial court to set a day to determine defendants' rights under the occupying claimant's act upon their demand therefor heretofore filed, and to suspend the writ of ouster until that question has been finally determined. The remainder of the judgment of the trial court is affirmed. The costs in this court will be equally divided.

By the Court: It is so ordered.