Shipley *et al. v.* Shook *et al.*

No. 7357.

SHIPLEY ET AL. *v.* SHOOK ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Title.*—In actions for the recovery of real estate, the plaintiff must recover, if at all, on the strength of his own title.

EVIDENCE.—*Sheriff's Sale.*—*Proof Necessary in Action against Party other than Execution Defendant.*—In an action by a purchaser at a sheriff's sale, against the execution defendant, it is sufficient to warrant a recovery to show the judgment, the execution, the sale and sheriff's deed; but, when it is against a party other than the execution defendant, it must be shown, in addition, that the execution defendant had title in the premises to which the judgment lien attached.

SAME.—*Proof of Title in Remote Grantors.*—Proof of title in remote grantors, respectively, is necessary to render the conveyance of a subsequent grantee effectual as evidence of title.

SAME.—*Failure to Admit Evidence, when not Available as Error.*—Where the evidence offered and excluded by the trial court would not have supplied a fatal defect in the evidence upon which the plaintiff relied for a recovery, no substantial injury was done by its rejection.

From the Franklin Circuit Court.

*T. H. Smith,* for appellants.

*H. Berry, Jr., F. Berry* and *W. H. Bracken,* for appellees.

NIBLACK, C. J.—This was an action for the recovery of real estate. Murray Shipley, William H. Hoover, James R. Pumphrey and Adelbert R. Daisey, complained that they were the owners in fee simple, and entitled to the immediate possession, of the undivided two-third parts of lots Nos. 63 and 64 in Allen's plat of the town of Brookville, and that Alexander Shook was in the possession of those lots, without right, and that Mary H. Kimble and Henry C. Kimble, who were made defendants to answer as to their interests, claimed to be the owners in fee simple of said lots. Shook answered in two paragraphs:

1.   In general denial;

2.   That he was in possession of the lots as the tenant of

his co-defendant, Mary H. Kimble, who was the owner thereof in her own right.

Mrs. Kimble answered that she was, by the said Shook as her tenant, in possession of the lots, under an equitable title adverse to the plaintiffs, concluding with averments which rendered her answer a substantial denial of the complaint. Henry C. Kimble answered that the only claim he asserted to the lots was an inchoate interest in them as the husband of his co-defendant, Mary H. Kimble.

After issue, the court, to which the cause was submitted for trial, made a finding for the defendants, and, after denying a motion for a new trial, rendered judgment accordingly. The only questions made here are such as arose upon, or as were connected with, the evidence.

At the trial, the plaintiffs introduced in evidence a judgment which they had obtained against one Herman Link, in the Franklin Circuit Court at its November term, 1875; also an execution which had been issued on such judgment, with the return thereon, showing that it had been levied on the lots in controversy, and that said lots had been bid off by, and sold to, the plaintiff; also a sheriff's deed, executed in pursuance of such sale, conveying the same lots to the plaintiffs.

Herman Link, the judgment defendant, was then introduced as a witness by the plaintiffs, and testified that he was acquainted with the lots in dispute; that he owned those lots; that he bought the one the house stands on of one Joseph M. Jones, but the conveyance to it was made to him by Samuel Logan and wife, who were the father-in-law and mother-in-law of Jones; that the other lot was conveyed to him by one William M. McCarty; that he had not the deeds from Logan and wife and McCarty then in his possession, they having been taken away from him from his store where he had kept them; that he had first missed those deeds several years previously, and did not know

where they then were; that he had read those deeds many a time; that he had made search for those deeds at his house where he kept all his papers, and also at his store, but could not find them; that those deeds were warranty deeds and like deeds people always make; that he had paid some consideration for the lots, but could not then recollect what it was; that the Logan deed was made, he thought, in 1856, and the McCarty deed perhaps two years later; that, when Logan and wife made him a deed, they told him it was a deed for the property he had bought of Jones, and Jones told him the same thing; that he could not tell a word that was in the McCarty deed, and did not know what words were necessary to constitute a deed; that Logan and wife told him the paper they gave him was a deed, and it was like other deeds, but he repeated that he did not know what words are necessary to make a deed. Thomas H. Smith, one of the attorneys for the plaintiff, testified that he had, on their behalf, demanded the possession of the lots in suit of the defendant Shook, before the commencement of the action, and Shook, who was also introduced as a witness for the plaintiffs, admitted that such a demand had been made of him.

This was all the evidence given by the plaintiffs in support of their claim to the lots sued for in this action.

In answer to objections urged by the appellants to certain rulings of the court, upon the sufficiency as well as the admissibility of some of the evidence offered by the appellees, it is maintained by the appellees, that the evidence set out as above did not make a case entitling the appellants to recover in this action, and that hence it is not material to inquire whether the defence set up by the appellees was sustained by either proper or sufficient evidence.

It is an ancient and invariable rule, that, in actions of this kind, the plaintiff must recover, if at all, on the strength of his own title.

It is also well settled that, in an action by a purchaser at a sheriff's sale against the execution defendant, it is sufficient to show the judgment, the execution, the sale, and the sheriff's deed; but, where the action is against a party other than the execution defendant, it must be shown, in addition, that the execution defendant had title in the premises to which the judgment lien attached. Tyler on Ejectment, 177; *Carpenter* v. *Doe*, 2 Ind. 465.

It was, consequently, incumbent on the appellants in this case to show, in addition to the judgment, execution, sale, and sheriff's deed, that Link had title to the lots on which the judgment lien became operative. This the evidence clearly failed to do.

It was not enough to give evidence of conveyances to Link by Logan and wife and by McCarty. Proof of title in the grantors respectively was also necessary to render those conveyances effectual as evidence of title in Link. *Huddleston* v. *Ingels*, 47 Ind. 498.

As has been seen, nothing was introduced even by the appellants tending to prove either title, or claim of title, in Logan or his wife, in the one case, or in McCarty in the other. As to that material point in the evidence necessary to enable the appellants to maintain their action, there was a total failure of proof. We are therefore of the opinion that the finding of the court below was right on the evidence.

The appellants complain that some evidence offered by them was improperly excluded. The evidence thus offered and excluded had, however, no relation to that branch of the appellants' case upon which there was a failure of proof, as above indicated. If, therefore, the proffered evidence had been admitted, it would not have supplied the fatal defect in the evidence upon which the appellants relied for a recovery, and hence no substantial injury was, in any event, inflicted upon the appellants by its rejection.

The judgment is affirmed, with costs.