## JAMES D. HURST VS. HAMLIN W. SAWYER.

1. DEMURRER TO PLEADING—*When Must Be Overruled*—A demurrer filed to a pleading as an entirety, when the pleading contains several paragraphs, must be overruled if there is one good paragraph in the pleading.

2. EJECTMENT—*All Defenses Proven Under a General Denial*—In an action of ejectment all defenses, legal and equitable, may be proven in evidence under a general denial.

3. EJECTMENT — *Plaintiff Must Recover on His Own Title* — In an action of ejectment the plaintiff must recover on the strength of his own title.

4. EJECTMENT—*When It Lies*—Action of ejectment lies to recover lands held under lease for a term of years.

5. EJECTMENT—*What Plaintiff Must Show*—In an action of ejectment the plaintiff must show that the defendant unlawfully and without right keeps the plaintiff out of possession, before the plaintiff can recover in the action.

6. EJECTMENT—*Plaintiff's Title*—In an action of ejectment the plaintiff must have a right to the possession of the land at the time of the commencement of the action.

*Error from the District Court of Canadian County.*

Action of ejectment, brought by Hamlin W. Sawyer against James D. Hurst, to recover the possession of a a tract of school land leased by plaintiff, and for damages.

*Forest & Gunn*, for appellant.

*Dille & Schmook* and *Blake & Blake*, for appellee.

The opinion of the court was delivered by

BIERER, J.:    Hamlin W. Sawyer, the appellee, filed his complaint in ejectment in the district court of Canadian county on the 25th day of February, 1893,

against the defendant, to recover the possession of certain school land, described as the northwest quarter of section 36, township number 12, north of range 5 west, in Canadian county, and for damages against the defendant for the withholding of the possession of said land from the plaintiff by the defendant. The plaintiff alleged his estate in said land to be that of a tenant for a term of years, under a lease of said land from the governor of Oklahoma Territory, approved by the secretary of the interior, and alleged that the defendant was unlawfully keeping the plaintiff out of possession, to the plaintiff's damage in the sum of four hundred dollars.

The defendant answered in two paragraphs, which answer, omitting the caption, is as follows:

"1. The above named defendant, answering plaintiff's complaint, admits that the certain tract of land described in plaintiff's complaint is school land; that said defendant has occupied the same since November, 1891; and that the said plaintiff obtained a lease thereof from governor of Oklahoma Territory; but said defendant denies each and every other allegation in plaintiff's complaint set forth.

"2. And making paragraph one a part of this paragraph two, the same as if again repeated, for further answer and defense, by way of new matter, defendant alleges and says that he has been in possession, had valuably improved, and cultivated the said land for the purpose of the support of his family since before the 2d day of May, 1890; that upon each occasion when said land was offered for lease to the highest bidder, in accordance with the act of congress providing for the leasing of the same, and with the proclamation of the acting governor issued and promulgated thereunder, he, the said defendant, became and was the highest *bona fide* bidder therefor; that at all times thereafter he has been prepared to comply with all lawful requirements to perfect and obtain his said lease; that the plaintiff herein knew of these facts and knew of defendant's rights in and to said lands, but with intention of speculating upon the

same, privately obtained from the then acting governor of Oklahoma a lease therefor, contrary to the rules for said leasing, made and published by said governor, and while defendant was still endeavoring to perfect his said lease in accordance with said rules."

To this answer of the defendant the plaintiff interposed a demurrer, which was by the court sustained, to which the defendant excepted, and a judgment was rendered against the defendant in favor of the plaintiff for the possession of the land and for three hundred dollars damages. The judgment contains the language of a judgment by default, and is treated by both parties in their briefs as a judgment rendered upon default, so far as it pertains to the right to the possession of the land in controversy, on account of defendant's failure to plead over, after demurrer to his answer was sustained.

The first objection to this judgment urged by appellant is that the court erred in sustaining plaintiff's demurrer to his answer.

The demurrer was a general demurrer to this answer of the defendant, on the ground that it did not state facts sufficient to constitute a defense to the cause of action set forth in plaintiff's complaint; and the question thus presented is as to whether or not any defense was contained in this answer of the defendant. If there was, then the action of the court was error, for when a demurrer is filed to a pleading, as an entirety, when the pleading consists of several paragraphs, it must be overruled if there is one good paragraph in the pleading. (*Bayless vs. Glenn*, 72 Ind. 5; *Romine vs. Romine*, 59 Ind. 346.)

The first paragraph admits that the tract of land described in plaintiff's complaint is school land; that defendant has occupied the same since November, 1890, and that the plaintiff obtained a lease thereof from the governor of Oklahoma Territory, and then con-

tains a denial of each and every other allegation in the plaintiff's petition set forth.

Section 6 of art. 32, of ch. 70, of the code of civil procedure of 1890, adopted from the state of Indiana, and under which this case was tried, provides:

"Sec. 6. The answer of the defendant may contain a denial of each material statement, or allegation, in the complaint, under which denial the defendant shall be permitted to give in evidence every defense to the action that he may have, either legal or equitable."

Under this statute, and under the decisions thereon by the supreme court of Indiana, all defenses, legal and equitable, may be proven and given in evidence under a general denial. (*East vs. Pedin*, 108 Ind. 92. )

The first paragraph of the answer, then, containing a general denial of all the allegations of the plaintiff's complaint, excepting certain ones which were admitted, was a sufficient pleading upon which the defendant could make any legal or equitable defense, unless the pleading also contains an admission of all of the things which it was necessary for the plaintiff to prove before he could recover the possession of the tract of land sued for in the action. It matters not that in some subsequent paragraph defendant's answer might not contain a statement of facts that would entitle him to the possession of the land, for in an action of ejectment the plaintiff must recover on the strength of his own title. (*Shipley vs. Shook*, 72 Ind. 511, )

This action was brought as an action of ejectment, and the facts set up in the plaintiff's complaint show a case wherein an action of ejectment will lie.

Under our statute an action of ejectment lies to recover land held for a term of years. (*Duchane vs. Goodtitle*, 1 Blkf., 117.)

And this being an action in ejectment the defendant's general denial put in issue all of the matters

which are put in issue by such a pleading in such an action.

The allegations of the second paragraph of defendant's answer were not in any way an admission of the matters which plaintiff set up, as a basis of his right to recover the possession of this tract of land, but were evidently intended to be plead in support of defendant's right to retain the possession of the land which the plaintiff claimed.

These allegations cannot in any way be construed as admitting the allegations of plaintiff's complaint so as to leave nothing to be tried under a general denial.

Do, then, the admissions contained in the first paragraph, admit all of the matters which plaintiff was bound to prove? If they do not, then a general demurrer should not have been sustained to the answer.

Section 5 of art. 32 of ch. 70, laws of Oklahoma of 1890, provides:

"Sec. 5. The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession."

It will be observed from this statute that in an action of ejectment one of the necessary allegations of the complaint is that the defendant unlawfully keeps him, the plaintiff, out of possession, and this has been held to be one of the matters which the plaintiff must show before he is entitled to judgment against the defendant. (*Lotz vs. Briggs*, 50 Ind., 346.)

An examination of this answer nowhere reveals the fact that defendant, either directly or indirectly, ever admitted that he unlawfully kept the plaintiff out of possession of this land. He specifically denies every

allegation of plaintiff's complaint except such as he specifically admits.

The plaintiff's complaint contains an allegation that the defendant "has at all times, unlawfully, kept the plaintiff, and now unlawfully keeps him, out of possession of said premises, and plaintiff is entitled to the immediate possession thereof."

This answer, then, containing a general denial, denies one of the material allegations which the plaintiff was bound to prove.

Furthermore, the defendant nowhere admits that the lease which plaintiff made was at the time of the commencement of the action in February, 1893, in full force and effect, but, being a general denial, it denies this fact. It denies that the plaintiff, by virtue of his lease which he set up, did then and at that time have any right to the possession of this land; and the plaintiff must have the right to the possession of the land at the time of the commencement of the action or else he is not entitled to recover. (*Inge vs. Garrett*, 38 Ind., 96.)

The defendant, by a general denial denying the plaintiff's right under his title by the lease set up in the complaint, it would be incumbent on the plaintiff to show that his right to the land, by virtue of the lease, existed at the time of the bringing of this action, and the defendant in defense might show that the plaintiff had forfeited his lease, or that the lease had been cancelled or set aside. The admission that the lease was once made was not an admission of its validity at the time of the bringing of the action for possession under it.

These two matters at least, that is, that the plaintiff had such a right of possession at the commencement of the action as to entitle him to recover possession of the land, and that the defendant unlawfully

kept the plaintiff out of the possession of this land, were put in issue by that part of the first paragraph of this answer which contains a general denial, and this being true, and there being in no part of this answer any admission of these material facts, the answer did state a defense and the demurrer thereto should have been overruled. As this ruling of the court in sustaining the demurrer of the plaintiff to the answer of the defendant was erroneous and necessitates a reversal of this case, it is unnecessary to consider the other errors assigned.

The judgment of the court below is reversed, at the cost of the appellee.

Burford, J., having presided as trial judge, not sitting; all the other Justices concurring.