## WOLCOTT v. SMITH *et al.*

No. 1893.   Opinion Filed June 25, 1912.

(124 Pac. 970.)

1.    **EJECTMENT**—Recovery for Improvements. A judgment for the value of improvements made by an unsuccessful defendant in an action in the nature of ejectment cannot be allowed in that action, but recovery, if had at all, must be had under the provisions of sections 596-602 (sections 4794-4800) art. 25, c. 66, Wilson's Rev. & Ann. St. 1903; sections 6128-6134, Comp. Laws 1909.

2.    **SAME**—Procedure. Application for the benefit of this act may be made by claimant on a return of the mandate of the Supreme Court in the action of ejectment.

(Syllabus by the Court.)

Kane, J., dissenting.

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Charles E. Wolcott against I. Smith and H. M. Brazel. Judgment for defendants, and plaintiff brings error. Reversed in part and affirmed in part.

*Crump, Rogers & Harris* and *J. Ross Bailey,* for plaintiff in error.

*J. L. Skinner,* for defendants in error.

DUNN, J. This case presents error from the district court of Hughes county, and is in the nature of ejectment brought by plaintiff in error as plaintiff against the defendants to establish title and recover possession of a certain tract of land. With it is joined a claim for damages and for rents and profits. To the petition defendants filed answer, in effect a general denial, and that they were not in the unlawful possession of the lands. The trial was had to the court without a jury, and judgment was rendered in favor of plaintiff finding him the owner and entitled to the possession of the land, and allowing him rent in the sum of $35, against which the court allowed on evidence received over objection of plaintiff the sum of $191 for improvements, and rendered judgment for plaintiff for the possession, but held that he would not be entitled thereto until he had paid the defendants the sum of $156, being the difference between the value of the improvements and the rent. After denial of a motion for new trial, plaintiff lodged the cause in this court for review, assigning as error the admission of evidence, under the pleadings, of the value of the improvements made.

The defendants against whom the judgment for possession and for rent was rendered took no exception thereto. The sole question presented on this appeal is, first, the right of the defendants to offer the evidence showing the character of improvements and their value without having pleaded the same; and, second, whether the character of possession held by the defendants was such as would entitle them to recover for the improvements which they had placed upon the land. An adverse decision to the defendants on the first question will eliminate the other from our consideration for the reason that, if the evidence was inadmissi-

ble and the issue was not triable in the case, the rights of the parties could not be determined thereon. It is contended by counsel for defendants that the evidence was admissible on the theory that, their answer being a general denial, the doctrine laid down in the case of *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817, and several Kansas cases to which our attention is called, that "in an action of ejectment, all defenses, legal and equitable, may be proven in evidence under a general denial," applies to recovery for improvements placed on the land in good faith by the defendant while holding the same as an occupying claimant. If this doctrine applies, our attention has been called to no case, and a diligent search has failed to discover one, wherein a claim for improvements is held to be an equitable defense and subject to be established under a general denial. The rule at common law was that the rightful owner of land was under no duty or obligation to pay for improvements, the making of which he had not authorized, notwithstanding the same were made in good faith by an occupant who supposed he had a lawful right in and to the land. The rule of the civil law, however, permitted one who made improvements on land of which he was in possession under a *bona fide* belief that he was the owner, to recover for the same before being ousted and compelled to yield possession. In time courts of equity modified the rigidity of the common law, and permitted such occupant to recoup the value of his improvements against the rents and profits. If the owner claimed no rents and profits, the adverse claimant could obtain no compensation for his improvements, and there was no recovery for the excess value of his improvements over the rents and profits. The courts of equity, however, subsequently required a party who recovered property from another, which had been improved at his expense, to account to him for the value thereof on the doctrine that he who sought equity must do equity. Warvelle on Ejectment, sec. 546. This remedy has in certain cases been still further enlarged by statute in a number of the states so as to enable parties claiming the benefit of improvements made in good faith to recover therefor.

Under subdivision 6 of paragraph 4287, Wilson's Rev. & Ann. St. 1903 (section 5623, Comp. Laws 1909), plaintiff may unite in the same petition a claim to recover real property with or without damages for the withholding thereof and for the rents and profits of the same. Such is the action which is here prosecuted, and the rule is that plaintiff must recover, if at all, upon the strength of his own title, rather than upon any defect in that by which the defendant claims. Under paragraph 4788, Wilson's Rev. & Ann. St. 1903 (section 6122, Comp. Laws 1909), it is made sufficient for the plaintiff to state in his petition that he has a legal or equitable estate in the land and is entitled to the possession thereof, and that the defendant unlawfully keeps him out of the same. On the filing of such a petition, paragraph 4789, Wilson's Rev. & Ann. St. 1903 (section 6123, Comp. Laws 1909), provides that it is sufficient if the defendant in his answer deny generally the title alleged in the petition, or that he withholds the possession, as the case may be, but, if he deny the title of plaintiff, possession by him shall be taken as admitted. The rule demanding that plaintiff recover upon the strength of his own title necessarily requires him to come into court prepared to meet any objections urged thereto by the defendant, whether they be legal or equitable. But a claim of a right to the possession of land growing out of the improvements placed thereon has never. as far as we have been able to find, been held to be such a title as will authorize defendant to recover in the action of ejectment, and especially would this seem so where no plea has been made for the same. A number of the states have passed what are known as "Occupying Claimants" acts, which are generally administered in conjunction with the statutory action for the establishment of title and the recovery of possession of real property.

In Oklahoma the act is contained in article 25 of chapter 66, Wilson's Rev. & Ann. St. 1903 (article 24, c. 87, Comp. Laws 1909). This chapter provides substantially that in all cases, any occupying claimant being in quiet possession of any lands or tenements for which he can show color of title, in the manner set forth therein, he shall not be evicted or thrown out of

possession by any person or persons who shall set up and prove an adverse and better title to said lands until he has been paid the full value of all lasting and valuable improvements made thereon, and that the court rendering judgment in any case against an occupying claimant shall at his request, for the benefit of the provisions of the act, cause an entry to be made upon the journal and set a day for the trial, and that, if on the trial there provided for the value of the same is found to be greater than the value of the rents and damages and waste, then the court shall enter judgment that the successful claimant pay to the clerk of the court for the use of the occupying claimant the full amount of the excess value of the improvements, and that the same shall be paid before the writ of ouster shall issue. The remedy provided for in this statute is full and complete, and is entirely applicable to this case. The defendants holding as occupying claimants were not entitled to introduce their evidence or have their rights adjudicated on the trial of this action.

A similar statute obtains in the state of Missouri. Sections 2259-2260, R. S. 1879. That court has in a number of cases held that a claim for improvements made by an occupying claimant is intended to be an independent proceeding, and can be instituted only after final judgment for possession shall have been rendered against the defendant in the suit for ejectment. *Henderson et al. v. Langley,* 76 Mo. 226; *McClannahan v. Smith,* 76 Mo. 428; *Jasper County v. Wadlow et al.,* 82 Mo. 172; *Jasper County v. Mickey* (Mo.) 4 S. W. 424.

It therefore follows that the judgment of the trial court in so far as the same adjudicates the right to and the amount allowed for the improvements placed upon the land in question must be reversed, and affirmed as to that portion in which judgment is found for plaintiff alone. That a party claimant may secure the benefit of this occupying claimants act after appeal of the original action to the Supreme Court and on the return of the mandate, see *State ex rel. Goldsborough v. Huston,* 28 Okla. 718, 116 Pac. 161; *Hazen v. Rounsaville,* 35 Kan. 405, 11 Pac. 150.

The costs of this appeal will be equally divided between the parties. Section 6088, Comp. Laws 1909.

The cause is accordingly remanded to the trial court, to the end that such action may be taken as the parties may elect, not inconsistent with this opinion.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; KANE, J., dissents.