## McELROY v. MOOSE.

No. 4203. Opinion Filed September 14, 1915.

(151 Pac. 857.)

1. **EJECTMENT—Real Party in Interest.** Under section 5558, Comp. Laws 1909 (section 4681, Rev. Laws 1910), the assignee of a lease contract is the real party in interest in an action of ejectment, and it is no defense that the action is for the benefit of the assignor, against whom a plea of champerty might prevail, following **Gannon v. Johnston**, 40 Okla. 695, 140 Pac. 430.

2. **SAME—Right to Possession—Evidence.** In an action of ejectment, where defendant denies the plaintiff's right of possession, it is incumbent on the plaintiff, in order to recover, to prove his right of possession at the commencement of the action, and that the defendant unlawfully keeps him out of possession.

3. **SAME—Title to Recover.** To support an action in ejectment the plaintiff must have some title, either legal or equitable, upon which to recover land held and occupied by another. A lease contract in form, but in truth and fact an option contract, is not such title to warrant recovery against one in possession claiming title.

4. **SAME—Title—Right of Possession.** It is the right of possession between the parties in an action of ejectment that is tried, and this right of possession is the title that is to be adjudged in the trial.

(Syllabus by McKeown, C.)

*Error from District Court, Okfuskee County; John Caruthers, Judge.*

Action by H. McElroy against Gordon Moose. Judgment for defendant, and plaintiff brings error. Affirmed.

*C. T. Huddleston*, for plaintiff in error.

*W. T. Banks*, for defendant in error.

Opinion by McKEOWN, C. This appeal presents error from the district court of Okfuskee county. H. McElroy, plaintiff in error on the record here, who for convenience will be referred to as "plaintiff," brought an action of ejectment against Gordon Moose, defendant in error, referred to as "defendant," to recover possession of certain described real estate. The petition of the plaintiff was in the ordinary statutory form. Defendant answered by way of general denial, and pleaded specially estoppel, that the lease was in truth an option, and that the plaintiff in the action was not the real party in interest. Trial was had to a jury, and upon the conclusion of all the evidence in the case the trial court directed the jury to return a verdict in favor of the defendant, which being done, judgment was accordingly rendered thereon; from which the plaintiff appealed to this court.

Both parties derived their respective titles from a common source. The plaintiff claimed the right to possession of the land under and by virtue of a certain lease contract, executed on the 14th day of June, 1909, for a term of five years, by the heirs of Thomas McKey, to Gaton Manwarring, and duly filed for record in the proper recording office on the date of execution, which said lease contract was on the same day assigned by the lessee of H. McElroy. On the 8th day of August, 1911, H. McElroy assigned the lease to J. C. Pitchford, who in turn, on the same day, transferred the contract back to H. McElroy.

The defendant derived his title from a warranty deed, executed on the 21st day of October, 1910, by the heirs of Thomas McKey, who were lessors in the lease

contract; which deed was duly approved as provided by law. The defendant went into possession of the land in controversy and immediately commenced to improve and cultivate the same.

The lessee, Gaton Manwarring, testified that he made the lease with the Indians on behalf of McElroy, in order to hold an option against the land, because the Indians were not full-bloods, but were of the half-blood. This statement was nowhere denied, and was corroborated by the transfer of the lease contract to McElroy on the date of its execution.

The contention of the defendant in error, that the plaintiff below could not maintain the action for the reason that he was not the real party in interest, within the meaning of section 5558, Comp. Laws 1909 (section 4681, Rev. Laws 1910), is untenable. The lease contract had been assigned to him, and it was no defense that some other person was interested in the result of the suit. That was a matter between the assignee and the assignor, and of no concern to the defendant. It was no defense in this particular action because it was proper to bring the action in the name of this particular plaintiff to avoid the plea of champerty. *Gannon v. Johnston et al.*, 40 Okla. 695, 140 Pac. 430. If this alone constituted the grounds for the directed verdict, then this cause should be reversed; but a careful examination of the record discloses that the trial court should have directed a verdict in behalf of the defendant.

The plaintiff failed to sustain the allegations in his petition that the defendant was "in unlawful possession of the said land," or that he was "wrongfully excluding the plaintiff therefrom."

The defendant denied that the plaintiff had any right to possession under the lease contract, at the time of commencement of the action. It was therefore. incumbent upon the plaintiff to prove that he was entitled to possession of the land at the commencement of the action, and that the defendant was unlawfully keeping him out of possession of the same, in order to recover. *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817.

It is settled in this state that an action of ejectment lies to recover land held under a lease for a term of years. *Hurst v. Sawyer, supra; Long v. Bagwell,* 38 Okla. 312, 133 Pac. 50.

It is the right of possession as between the parties that is tried, and this right of possession is the title being litigated. *Tarpey v. Desert Salt Co.,* 5 Utah, 205, 14 Pac. 338. Where the holder of a lease brings ejectment, he bases his right of recovery upon an interest in the land, founded upon his ownership in the lease upon the land. *Long v. Bagwell, supra.*

The plaintiff upon the face of the record exhibited a lease contract antedating the deed of the defendant; but, at the time he rested his case, he had not established a complete case. The defendant was not required to show that he had any title at all until the plaintiff had established his case. The plaintiff had failed to show that the defendant was unlawfully keeping him out of possession at the commencement of the suit. This failure of proof on the part of the plaintiff justified the trial court in directing a verdict for the defendant.

In the next place, the evidence disclosed that the lease was taken as an option, and this testimony was not contradicted by the plaintiff, or by any one on his behalf. In

fact, the plaintiff did not testify on the trial, so this evidence is taken as true.

The lease being in fact an option on the land, it will not support an action in ejectment. A plaintiff in ejectment must have some title, either legal or equitable, upon which to recover land held and occupied by another. A lease contract in form, but in truth an option, is not such title as warrants a recovery by the plaintiff in ejectment.

In the case of *Mitchell et. al. v. Humphrey,* 36 Okla. 711, 129 Pac. 744, Brewer, C., speaking for the court, in reference to a lease contract, construed to be a mortgage, said:

"Yet the plaintiffs in this case have shown no kind of title, either legal or equitable. Their contract indicates that they were speculating upon the outcome of a controversy between the allottee and defendant in possession."

Likewise it appears in the instant case that the plaintiff took the lease as a speculation upon the purchase of the land of the heirs of Thomas McKey, and the lease was not intended to vest any kind of title in the plaintiff.

Finding no error in the cause that warrants a reversal, we recommend that the case be affirmed.

By the Court: It is so ordered.