## PROVENS v. RYAN.

No. 6237.  Opinion Filed March 7, 1916.

Rehearing Denied April 11, 1916.

(156 Pac. 351.)

1. **APPEAL AND ERROR—Review—Questions of Fact.** Where the evidence and stipulations of parties reasonably tend to support the judgment of the trial court, such judgment will not be disturbed upon appeal.

2. **SAME—Scope and Extent.** Questions not necessarily involved in the judgment rendered by the trial court will not be decided upon appeal.

3. **EJECTMENT—Procedure—Claim for Improvements.** It is error to refuse an unsuccessful defendant in ejectment, after judgment has been rendered against him, where demand therefor is seasonably made, a day in court to attempt to prove a claim, then asserted, under Occupying Claimant's Act (Rev. Laws 1910, sec. 4935).

(Syllabus by Burford, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action in ejectment by G. L. Ryan against John Provens. Judgment for plaintiff, and defendant brings

error. Modified and affirmed in part, and reversed, with directions, in part.

*W. S. Pendleton, J. S. Jenkins,* and *A. E. Jenkins,* for plaintiff in error.

*Wells & Lee* and *Chas. E. Wells,* for defendant in error.

Opinion by BURFORD, C. Defendant in error sued in ejectment for a portion of land described as:

"That part that adjoins the North Canadian river at a place called and known as 'Jones Falls,' adjacent to the south line of the southeast quarter of section 27, township 11, of range 6, Pottawatomie county, State of Oklahoma. * · * *"

—and alleged to be a portion of lot 4 in section 27, 11 N., R. 6 E. I. M. The answer was a general denial. Trial was had to the court, and a judgment rendered, in which the court—

"finds the issues generally in favor of the plaintiff and against the said defendant; that the plaintiff is the owner in fee simple of all of lots 3 and 4 and the N. E. ¼ of the S. E. ¼ of section 27, township 11 N., of range 6 E. of I. M., and is entitled to the immediate possession of same. The court further finds that at the time of filing of this suit the said defendant, John Provens, was a trespasser on said land since November 21, 1908, claiming same without right; that said defendant has been a trespasser on said land since the filing of this suit, and that by reason thereof plaintiff is entitled to judgment against said defendant, John Provens, for the detention of said land in the sum of $150, with interest thereon at the rate of 6 per cent. from July 15, 1912."

The court decrees that:

"Plaintiff do have and recover of and from the said defendant the immediate possession of said premises above described"

—and further renders judgment for $150 and interest.

Numerous errors are alleged in the brief of plaintiff in error, raising questions as to whether or not the North Fork of the Canadian river is a navigable stream, as to admissions of testimony, as to failure of proof, and as to whether the land occupied by defendant is embraced within the limits of lot 4 in said section. In our judgment it is not necessary to decide any of these questions. In the record appears this stipulation:

"It is hereby stipulated and agreed that the plaintiff is the owner of all of lot 4, section 27, township 11, range 6, down to the low-water line."

The pleadings, proof, and judgment in this case are all indefinite. In none of them is there an accurate description of the land claimed by plaintiff or held by defendant. The judgment of the court awards plaintiff lots 3 and 4 and the N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 27. There was no dispute upon the trial as to his ownership of lot 3 and the N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ aforesaid. The stipulation concedes him lot 4 to the low-water line. The judgment of the court does not go beyond this. If the general finding of the court in favor of the plaintiff be considered in connection with the description given in the petition of the land sought to be recovered, still we cannot say, from anything in the record, that the judgment of the court awarding the land goes beyond the terms of the stipulation. Were the trial judge now occupying the bench, we would return this case, with directions to make a definite finding, describing the boundaries of the land awarded plaintiff,

and, if necessary so to do, we would grant a new trial. Inasmuch as the trial judge is no longer upon the bench and this course is impossible, we leave the judgment as it is, since the stipulation itself supports the terms of the judgment as rendered.

This conclusion, based upon the stipulation made by parties, renders the consideration of questions involving the admission or rejection of testimony unnecessary.

There is evidence in the record reasonably tending to show that defendant was occupying land above low-water mark as it existed at the time of the trial, and we thus construe the terms of the stipulation. The amount of damage is likewise sustained by competent evidence. In such case, under the well-settled rule of this court, the judgment will not be disturbed.

An assignment of error is made upon the court's refusal, after the trial had closed and findings made, to set a day upon which the defendant might establish the value of his improvements made upon the land in question. This request was made in due season, and should have been granted. The question of whether plaintiff in error was entitled to the benefits of the Occupying Claimant's Act was not properly triable in the main action, but where the defendant in such action, after judgment against him, seasonably requests the court to set a day to hear his claim, it is error to refuse such request. Rev. Laws 1910, sec. 4593; *Wolcott v. Smith,* 33 Okla. 249, 124 Pac. 970.

It appearing that the order heretofore entered, dismissing this cause, was inadvertently made, that order is hereby set aside, and the cause reinstated, and the judgment in ejectment and for damages affirmed, except as to that part directing an ouster. The judgment of the trial

court, refusing to set a day for hearing plaintiff in error's claim under the Occupying Claimant's Act, is reversed, with directions to the trial court to forthwith set a day for such hearing, and to determine whether or not plaintiff in error is entitled to any of the benefits of the Occupying Claimant's Act, and, after the settlement of that issue, to adjust the respective monetary judgments of the parties, if any such judgment be ultimately rendered in favor of the plaintiff in error, withholding execution upon the judgment of defendant in error until that time, and to then order such judgment of ouster as may be proper and not inconsistent with this opinion.

By the Court: It is so ordered.