## ELLER v. NOAH.

No. 6666—Opinion Filed Nov. 6, 1917.

(168 Pac. 819.)

**1. Appeal and Error—Estoppel—Pursuing Other Remedy.**

A defendant in an ejectment suit is not estopped to contest on appeal an adverse judgment on account of prematurely making demand for the trial of his rights under occupying claimant act, and may upon motion withdraw such demand thus prematurely made.

**2. Ejectment—General Denial—Defense.**

In an ejectment suit, all defense, legal and equitable, may be proven in evidence under a general denial.

**3. Ejectment—Title of Defendant.**

A recovery by plaintiff in an ejectment suit may be defeated by defendant showing title in himself; and title in defendant may be shown, though it be acquired subsequent to the commencement of the action.

**4. Same—Defendant's Title Acquired After Suit.**

Where the heirs, subsequent to the commencement of an action in ejectment by the

administrator of a deceased person for recovery of lands, have conveyed all their interests in the lands in question to defendant, held, it is error for the court to instruct a verdict for the plaintiff, administrator of such deceased person, upon plaintiff's merely proving title in deceased prior to the commencement of the action.

(Syllabus by West, C.)

Error from District Court, Woods County, R. H. Loofbourrow, Judge.

Ejectment of H. A. Noah, administrator of the estate of Carrie A. Moe, deceased, against Nick Eller. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

T. J. Womack, for plaintiff in error.

H. A. Noah, for defendant in error.

Opinion by WEST, C. This suit in ejectment was begun in the district court of Woods county by defendant in error against plaintiff in error to recover possession of certain lots located in the town of Alva, in said county. For convenience the parties will be designated as they were in the court below.

The cause was tried to a jury, and at the close of the evidence the court directed a verdict for the plaintiff, to which defendant excepted. Such verdict having been entered defendant in open court claimed the rights of occupying claimant under color of title, and made request for the benefit of occupying claimant act, under chapter 60, art. 15, R. L. 1910. The court thereupon had entry made upon the journal of said request of defendant, and entered judgment in favor of plaintiff and against defendant for the lots in question, and on the following day, after the entry of judgment, October 14, 1911, defendant filed a motion for new trial, which motion was on January 30, 1914, heard and overruled by Hon. W. C. Crow, presiding judge, who had succeeded Hon. R. H. Loofbourrow, who tried the cause. Defendant excepted to the ruling of the court on said motion and was allowed an extension of time in which to make and serve case-made on appeal, and on February 6, 1914, defendant made oral application for leave to withdraw his application theretofore made for the benefit of occupying claimant act, as having been prematurely made, and thereupon the court directed that said application of the defendant be allowed in accordance with said request.

There are a number of assignments of error made by defendant, which are met on the part of the plaintiff by the contention that the defendant, by making application to be given the benefit of the occupying claimant act, waived his right to move for a new trial and appeal. We will first consider this contention. In case of Scott et al. v. Potts et al., 60 Okla. 228, 159 Pac. 932, in the first and second paragraphs of the syllabus, this court lays down the following rule:

"1. No estoppel to contest by appeal the judgment of ouster in an action of ejectment arises by reason of the mere filing after judgment of a demand for a trial of defendants' rights as occupying claimants.

"2. A determination of the rights of an occupying claimant has no proper place in the trial of the main issue in an action of ejectment, even though the parties consent to submit such issue upon the main trial."

In the body of the opinion the court uses the following language:

"At the trial the parties 'consented' to the trial court determining the question as to whether plaintiffs were entitled to the value of any improvements; the amount to be determined at some later date. The court, a jury being waived, rendered judgment against the defendants for the possession and for rents and profits, and that defendants were not entitled to the value of any improvements. Defendants filed a motion for a new trial, and on the same day a demand for a trial of their rights as occupying claimants. The motion for a new trial was overruled, but, so far as the record shows, the demand for a trial under the occupying claimant's act is still pending. Upon the order overruling the motion for new trial the defendants bring the cause here for review.

"We are met at the outset by the contention that no errors in the judgment for possession or mesne profits can be reviewed, upon the theory that by asserting their rights as occupying claimants defendants waived any right to review the main judgment, and Bradley v. Rogers 33 Kan. 120, 5 Pac. 374, and Buchanan v. Dorsey, 11 Neb. 373, 9 N. W. 546, are cited in support. In those cases it was held that where, after judgment was rendered, the unsuccessful defendant demanded and had a jury trial upon the value of his improvements, he was therefore estopped to raise questions of error in the original judgment upon the ground that he had caused trouble and expense in asserting rights as an occupying claimant, which could only be based upon title in plaintiff in the original action. But in the Kansas case Judge Valentine, writing the opinion, expressly reversed the question of the effect where the demand was made, but no trial had, and in Mack v. Price, 35 Kan. 134, 10 Pac. 521 (6), the Supreme Court of Kansas

expressly refused to extend the doctrine of estoppel to such a case. Under our practice the question of the rights of an occupying claimant has no place in the trial of an action in the nature of ejectment· Wolcott v. Smith, 33 Okla. 249, 124 Pac. 970; Provens v. Ryan, 57 Okla. 175, 156 Pac. 351. It is an express statutory right, arising, by the very terms of the statute creating it, only after a better title than that of the defendant had been 'set up and proved.' and only after judgment had been rendered against such defendant. Rev. Laws 1910, §§ 4933, 4934. Being such under our practice, we think the 'consent' of parties to try that question in the main action, where it had no place, was without force, could not prejudice either, and that, the subsequent proceedings consisting only in a 'demand' for the trial of such rights which was not even acted upon, the rule laid down in Mack v. Price, supra, may be properly applied and the contention of an estoppel here denied."

We are of the opinion under the above holding of this court that the defendant did not waive or forfeit his right of appeal by prematurely making request to be allowed the benefit of the occupying claimant act, and particularly this being true inasmuch as the court later permitted the defendant to withdraw this request and ordered the record so amended.

The third and fourth assignments of error of defendant are as follows:

"Third. That the court erred in admitting evidence of defendant in error over the objections of plaintiff in error.

"Fourth. That the trial court erred in sustaining the objections of defendant in error to the introduction of any testimony under the allegations of the amended answer. contained in the third, fourth, fifth, sixth, and seventh grounds of defense set out therein."

The answer of defendant to plaintiff's petition contained a general denial and several special defenses. The seventh of the special defenses was as follows:

"For a seventh and further defense to the plaintiff's alleged petition in the above-entitled action, this defendant alleges and states: That on or about the 22d day of November, 1910, this defendant acquired all of the right, title, and interest in and to lots nine (9), ten (10), eleven (11), twelve (12), thirteen (13), fourteen (14), fifteen (15), and sixteen (16), in block fifty-five (55), all in the original town site of Alva, now city of Alva, Woods county, Oklahoma. as shown by the duly recorded plat of the original survey thereof, from the following named persons: John Moe, Oswald F. Moe, Lottye E. Moe, Arnolda C. Burns and Burt E. Burns, her husband, and Anna A. Johnson and James A. Johnson, her husband, heirs at law of the said Carrie A. Moe, deceased, by deeds of conveyance duly executed, acknowledged, and delivered to this defendant, copies of which deeds are as follow, to wit."

Then followed copies of the deeds pleaded in the answer. Upon the trial the court permitted the plaintiff to introduce a judgment obtained by Carrie A. Moe, quieting the title to the premises in controversy against the defendant, and this was the only evidence offered in support of plaintiff's petition. The defendant had pleaded this judgment was not final, that a motion for new trial had been filed, pleading a copy thereof, and that the same had not been passed upon by the trial court. Defendant undertook to introduce evidence in support of the various defenses pleaded, and undertook to introduce evidence in support of the title claimed under the deeds pleaded. This evidence was excluded upon objections by the plaintiff.

In the case of Hurst v. Sawyer, 2 Okla. 470, 37 Pac. 817, the second paragraph of the syllabus is as follows:

"2. In an action of ejectment all defenses, legal and equitable, may be proven in evidence under a general denial."

In the case of Bancroft et al· v. Chambers, 10 Kan. 365, the first and second paragraphs of the syllabus are as follows:

"1. In an action for the recovery of real estate, where the answer is a denial of title, the plaintiff must show a perfect title, or a state of facts that dispenses with that degree of proof.

"2. Where, in such an action, the plaintiffs show a deed to their ancestor, and then rest, without showing any title in the grantor of the deed to the ancestor, they have not made out a prima facie case; nor is this defect supplied by the defendant, who puts in evidence a deed from the administrators of the estate of the plaintiffs' ancestor to his vendors, without any testimony that he holds under the title. The deed is some evidence that he holds under it, but not conclusive."

In 15 Cyc. p. 62, the following rule is announced:

"A recovery by plaintiff in ejectment may be defeated by defendant showing title in himself, and it has been decided that this is so, although he acquired the same subsequent to the commencement of the action. And a title acquired by a person under whom defendant claims subsequent to his coming into possession may be available to

protect the latter. Title under which defendants in possession claim may always be shown, although it may not be the better one."

In Jackson v. Givens, 8 Johns. (N. Y.) 137, 5 Am. Dec. 328, the first paragraph of the syllabus is as follows:

"A person in possession, to protect his own title, may lawfully purchase an outstanding title, notwithstanding the statute against the purchase of such titles."

In the body of the opinion the court uses the following language:

"The party in possession may always purchase in an outstanding title; and Atkinson and those under him have a right, by the purchase under Williams, to connect themselves with the patentee. The prohibition from purchasing pretended titles was intended for the benefit of the party at the time in possession, and it ought not to be used as a weapon against such party."

It would therefore clearly appear, under the authorities above quoted, that the court was in error in excluding the evidence offered in support of paragraph 7 of defendant's answer. In the instant case, however, the reply to the answer of the defendant was unverified, and, plaintiff pleading copy of the deeds attached to his answer, under the rule announced in case of St. Louis & S. F. Ry. Company v. Driggers et al., 65 Okla. 297, 166 Pac. 703, the first and second paragraphs of the syllabus are as follows:

"1. Where a written instrument is pleaded as the basis of a defense to a cause of action, an unverified reply does not put in issue the execution of such instrument, and there is no necessity for proving the same on the trial.

"2. The admission of the execution of a written instrument by the pleadings admits them with all of their legal effect that must of necessity follow, and this legal effect is to place them before the court with all of their contents, terms, conditions, and stipulations expressed therein, and it is unnecessary to introduce them in evidence."

And it would appear under the rule announced in this case that, these deeds being before the court, with all of their contents, terms, conditions, and stipulations expressed therein, and no evidence being offered by the plaintiff, save and except copy of the judgment above referred to, the court was in error in instructing a verdict in favor of the plaintiff and against the defendant.

Section 8417, Rev. Laws 1910, is as follows:

"The property, both real and personal, of one who dies without disposing of it by will passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."

It would therefore appear, under the state of the pleadings in this case, that, if we consider the deeds pleaded by the defendant in evidence, then, before the court could instruct a verdict in favor of the plaintiff and against the defendant, it would be incumbent upon the administrator to show that said land in question was charged with debts owing by the estate or costs of administration before he would be entitled to prevail in this cause, after the heirs had conveyed their interest in the land in question to the defendant.

On account of the errors noted above, said cause is reversed and remanded. with instructions to the trial court to proceed with said cause not in conflict with this opinion.

By the Court: It is so ordered.