## MUNGER v. ELLIOTT et al.

No. 29460.   March 26, 1940.

*100 P. 2d 876.*

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for plaintiff in error.

McKeever, Stewart & McKeever and Page Belcher, all of Enid, for defendants in error.

HURST, J. This is an action to quiet title and cancel a warranty deed. From a judgment for plaintiffs, defendant Munger appeals.

The facts are not disputed. Sarah E. Mandleco, a resident of Garfield county, executed her last will and testament on September 3, 1920, and died at some time between that date and August 11, 1922, on which latter date the will was admitted to probate. She left surviving her no husband. She had two children, Owen Elliott and Ernest Elliott. Owen Elliott died prior to the execution of said will, leaving surviving his four children, the plaintiffs herein. Ernest Elliott died unmarried and childless on September 7, 1936. Jack Elliott, the youngest child of Owen Elliott, attained his majority February 18, 1938.

Paragraph 6, the pertinent part of the will, is as follows:

"6. I give, devise, bequeath and convey, all the rest, residue and remainder of my property, consisting of real property, described as follows, to wit: Lot Twenty-one, in Block Twenty-seven (27), in Jonesville Addition to the City of Enid, Oklahoma, and any other property not herein disposed of, of which I may die seised, or which I may be entitled, unto my executors and trustee hereinafter named, and to their successors, in trust, nevertheless, as follows:

"I direct that my trustee and executor shall lease the property above described to the best possible advantage, and pay the income derived from the rent of said property, one-half to Ernest Elliott and one-half to the children of my son, Owen Elliott, after deducting all legal charges, taxes and repairs of said property.

"That the trust herein created shall continue until the youngest grandchildren, children of my son Owen Elliott, shall reach the age of twenty-one years; in case of the death of Ernest Elliott, the entire income shall be paid to my grandchildren, children of Owen Elliott.

"I further authorize and empower my trustee and executor or his successor to grant, bargain and sell said property or any other property included in this trust, and to execute good and sufficient deeds of conveyance for said property, whenever in his judgment together with the consent of the County Judge of the County Court of Garfield County, deem it to the best interest of the estate to do so, and to invest the proceeds of said sale of said property in good securities and the income from the same to be paid as is provided the rent shall be paid.

"In case the above property is not disposed of when my youngest grandchild shall reach the age of twenty-one years, then my executor and trustee shall convey to Ernest Elliott, if living, and if deceased to my grandchildren living, and my grandchildren living, one half to Ernest Elliott, and one half to my grandchildren in equal shares. If said property has been disposed of then the principal sum shall be divided in equal shares to my grandchildren."

On January 10, 1924, Ernest Elliott executed and delivered to defendant Munger three instruments conveying or attempting to convey to defendant his interest in the property described in the will as lot 21, block 27, Jonesville addition to Enid. One was a contract whereby he agreed to sell to defendant all his right, title and interest, present and prospective, together with all benefits which would accrue to him under the trust created by the will from and after September 23, 1924, and to execute and deliver to defendant a good and sufficient conveyance of all his interest as above described. The contract provided that it was to be void and of no effect unless defendant was able to procure a life insurance policy protecting him from loss in the event Ernest Elliott died prior to the time the youngest child of Owen Elliott reached majority, at which time Ernest Elliott, if living, would receive one-half of the property, but which would go to the grandchildren in event of his death prior to that date. On the same date the contract was executed, Ernest Elliott also made to defendant an

assignment of all benefits under the will, and the trust created thereby, fully substituting defendant for himself as to all his rights under the trust, and directing payment and delivery to defendant, his heirs and assigns, of all sums of money or benefits of any kind or character to which he, Ernest Elliott, might be entitled under the trust. On the same date he also executed and delivered to defendant the deed sought to be canceled in this action. By this deed Ernest Elliott conveyed to defendant all his interest, both present and prospective, in lot 21, block 27, Jonesville addition, with full covenants of warranty. All of these instruments were acknowledged, but only the deed was recorded. Defendant procured the insurance on the life of Ernest Elliott, so that the contract became effective.

1. Defendant first contends that the will of Sarah E. Mandleco was void under the statutes against suspension of alienation, calling attention to sections 11756, 11757, and 11758, O. S. 1931, 60 O. S. A. 31, 32, 33. The argument in support of this position is that by the last subparagraph of paragraph numbered 6 distribution of the corpus of the trust estate was to the grandchildren of testatrix as a class, and therefore necessarily included children who might be born in the future to Ernest Elliott, and for that reason was an attempt to suspend the alienation thereof for a greater period than a life or lives in being. In other words, he urges that, as in the preceding portions of the will the grandchildren then in being are designated as the children of Owen Elliott, and there is no such designation in this particular portion of paragraph 6, it necessarily follows that the term grandchildren, as used therein, is not confined to the children of Owen Elliott, but extends to and includes children who might be thereafter born to Ernest Elliott.

Plaintiffs deny that this is a proper construction of the will, and say that the peculiar language used in that portion of paragraph 6, "and if deceased, to my grandchildren living and my grandchildren living," was the result of error in drafting the will, and that what was intended, and as it should have been written, was "my grandchildren living, children of my son, Owen Elliott." However, no evidence in support of this statement was offered. This patent error in the language of the will, and the widely divergent views of the parties as to its meaning and effect, require an examination of the entire instrument to ascertain, if possible, the intent of the testatrix, and to determine the validity of the will. As stated in Cunningham v. Fidelity Nat. Bank of Oklahoma City, 186 Okla. 429, 98 P. 2d 57, the cardinal rule in the interpretation of a will is to ascertain the intent of the testator, and, if possible, so interpret the will as to hold it valid.

Examination of the will in the present case discloses that the primary intention of the testatrix was to distribute her property to Ernest Elliott and the children of Owen Elliott. By paragraph 3 she gave to Ernest Elliott all of her personal property, the amount and value of which does not appear in the record. By paragraph 4 she devised to him a life estate in certain real estate, with remainder in fee to the children of Owen Elliott living at the time of Ernest's death. By paragraph 5 she devised certain real property to Ernest in fee. Nowhere in the will is any intent shown to make any provision for children born to Ernest Elliott. In paragraph 6 she provides that income from the property involved in this action shall be divided between Ernest Elliott and the children of Owen Elliott, and provides that the trust created shall terminate when the youngest of such children shall reach the age of 21, and that in case of the death of Ernest the entire income from the trust shall be paid to Owen's children. She then, in the last subparagraph of section 6, provides for the disposal of the property when the youngest grandchild shall reach the age of 21 years, obviously referring to the children of Owen Elliott, as the trust was to terminate when the youngest of such children reached the age of 21. Nowhere in the entire instrument is there any expression to indicate that the testa-

trix contemplated the possibility of children being born to Ernest Elliott or undertook to provide for them in the event of their birth. When the last subparagraph of paragraph 6 is construed with the other provisions of the will, we think that the only conclusion which may be logically reached is that the testatrix intended that if the property had not been disposed of when the trust period was terminated by the youngest child of Owen Elliott attaining majority, and Ernest Elliott was then alive, the property was to go one-half to Ernest and one-half to the children of Owen. If the property had been disposed of by the trustee, the principal sum received therefor was to be divided equally between the children of Owen. If Ernest died prior to such time, the property was to be divided equally between Owen's children. It is conceded by both parties that no estate vested in this property, under the terms of the will, in either Ernest Elliott or the children of Owen Elliott, prior to the termination of the trust. It follows, therefore, that Ernest Elliott, dying prior to such termination, had no interest in the fee-simple title to such property which would pass by his deed to defendant, and the authorities cited by defendant, in support of the contention that the devise to the grandchildren was to a class and that the will was therefore in violation of the statutes above mentioned, and invalid, are inapplicable.

The judgment of the trial court, insofar as it decreed such deed invalid and ineffectual to pass to defendant an interest in the fee of such property and a cloud upon the title of plaintiffs, was correct.

2. Defendant also asserts that the trial court erred in holding the deed null and void, and decreeing its cancellation as a cloud upon the plaintiffs' title to lot 21, block 27, of Jonesville addition, for the reason that the deed operated as an assignment of Ernest Elliott's interest in that property during his lifetime. Plaintiffs say that such question is not in issue in the present action, but is involved in another action between the parties. That such other action is pending is conceded by defendant. The argument of both parties is that the other seeks in this action to gain an advantage in the other action. Examination of the pleadings and evidence, and of the journal entry of judgment, reveals that the only issue in the present action appears to be the fee-simple title to an undivided one-half interest in the property above described, and that the right of Ernest Elliott to receive a part of the income from the trustee prior to his death is not involved, and was not decided by the trial court. While the judgment decreed the deed to be null and void and of no force and effect, and canceled it, such holding and judgment was and is effective only to the extent that the deed affects the fee-simple title to the real property therein described, and does not restrict its operation or use by defendant for any other purpose in actions not involving the fee title to such property. This renders unnecessary the determination of whether such deed operated to assign to defendant Ernest Elliott's portion of the income of the trust to which he was entitled during his lifetime, which question was not involved in the present action, or decided by the judgment of the trial court. Testerman v. Burt, 143 Okla. 220, 289 P. 315; Provens v. Ryan, 57 Okla. 175, 156 P. 351.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DANNER, JJ., concur.