In re CENTRAL OKLAHOMA MASTER CONSERVANCY DISTRICT.

No. 38949.

Supreme Court of Oklahoma.

Jan. 31, 1961.

Rehearing Denied Feb. 28, 1961.

Otjen, Carter, Huddleston & Otjen, by Frank Carter, Enid, Rucker, Tabor & Cox, by Truman Rucker, Tulsa, for plaintiff in error.

John M. Luttrell, Norman, Edward H. Ferrish, Midwest City, for defendants in error.

HALLEY, Justice.

This is an appeal from a decree of the District Court of Cleveland County, entered September 10, 1959, establishing the Central Oklahoma Master Conservancy District, under the provisions of 82 O.S. Supp.1957, Section 531 and Section 541 et.

seq. It is not disputed that petitions praying for the formation of such district were properly filed in the Supreme Court of Oklahoma, and that such Court referred the same to the District Court of Cleveland County which found that proceedings were in all respects complied with according to law and that the District Court of Cleveland County had full authority to decide the questions presented by the petition to form such conservancy district, which was to include the city limits or boundaries as they may be changed of Del City, Midwest City and Norman, Oklahoma, the principal place of business to be in Norman, Oklahoma, until changed by order of the court.

The petitioners consist of the three cities named and over 3,000 individual property owners. Howard Oliphant, who filed objections to the formation of the district, is a resident and owner of real property in Norman and filed his objections to the formation of the conservancy district upon several grounds, among which are that it is repugnant to the Constitution of Oklahoma in several respects, which will be discussed herein.

The petitioners introduced considerable testimony, including the city managers of Norman, Del City and Midwest City, as well as engineers and other experts on water production which showed the need of the proposed conservancy district. The danger of a shortage of water in the near future under the present supply from wells operated by the three municipalities named and also the increased demand for water as the population grew was brought out. The opportunity to sell water to Tinker Field under a proposed plan with the Federal Government, which had approved the project and found a necessity for it was testified to. The court ordered the district formed and organized as prayed for. The appellant, Howard Oliphant, filed a motion for a new trial, but offered no evidence. He did reserve the right to introduce two certificates from the Secretary of State. His motion for a new trial was overruled and he has appealed and will be referred to

as appellant and presents four propositions which will be discussed in the order named. The first proposition is as follows:

"The utilization of the Master Conservancy Act by the municipalities of Norman, Del City and Midwest City, violates the provisions of Article 10, Sections 27 and 27A, and would deprive appellant of his property without due process of law."

It is true that under the Conservancy Act, supra, assessments may be levied against property owners in the district to pay for improvements, such assessments to be in accordance with the benefits fixed by appraisers and the appellant's contention that the district may incur an indebtedness in a manner which would be in violation of certain constitutional provisions is premature. It is true that under the Conservancy Act, supra, assessments may be levied against property owners in the district to pay for the improvements and such assessments are made in accordance with the benefits fixed by appraisers. However, the district has not made any move toward incurring an indebtedness, levying any tax or borrowing money in any manner. The judgment here appealed from makes no assessment against the property of appellant or to any other person.

■ A statute may not be attacked on constitutional ground by one not injured thereby. In 11 Am.Jur., Constitutional Law, Section 93, p. 720, it is said:

"While courts will not refuse to pass on the constitutionality of statutes in any proceeding in which such a determination is necessarily involved, needless consideration of attacks on their validity and unnecessary decisions striking down statutes will be avoided. Courts will not assume to pass upon constitutional questions unless properly before them."

"One of the most firmly established doctrines in the field of constitutional law is to the effect that a court will pass upon the constitutionality of a law only when necessary to the de-

termination upon the merits of the cause under consideration. The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion. * * * "

█ The judgment here appealed from simply orders the formation of the Master Conservancy District but imposes no liability on appellant, no liens upon his property and assesses no taxes and no harm is sustained by him and no injury is threatened. Our courts will remain open to prevent debts being incurred in violation of our Constitution.

The appellant insists that the district, at the time the decree appealed from was rendered, was a body politic or political subdivision of the State of Oklahoma, and violates Section 26, Article X of our Constitution and would deprive appellant of his property without due process of law. As heretofore pointed out, the district court judgment appealed from does nothing but decree the formation of the district and its organization according to the applicable statutes. The appellant is not bound by the testimony of M. G. Barclay, the engineer for the Bureau of Reclamation as to what he anticipates will probably be done by the Conservancy District under consideration.

Appellant submits that the proposed district is not contiguous, would benefit intervening territory, and is not authorized under the Act being considered. Section 542, 82 O.S.Supp.1957, provides in part as follows:

"Third: * * * Said district need not be contiguous provided it be so situated that the public health, safety, convenience or welfare will be promoted by the organization as a single district of the territory described and provided further that the intervening territory be not benefited by the construction of the works in the district so formed."

Section 541(c) of the same Title provides:

"Master Conservancy Districts may be created to include lands constituting all or any part of the area of one or more Conservancy and/or irrigation districts and/or municipal corporations and/or lands not included in any such area or areas * * *."

█ The evidence shows that while Tinker Air Force Base may be benefited by the reservoir to be created, it is provided that Tinker Field is to pay for all the water obtained. The mere fact that someone could purchase water from this Conservancy District is not such a benefit as is contemplated by the Act. The "benefit" that is prohibited to intervening territory by the statute is an advantage gained without a corresponding obligation or repayment, the burden of which is left to be borne by lands and taxpayers in the district. It simply means that "no one should get a free ride" at the expense of the taxpayers of the district. There is no intervening territory shown in this case that will be benefited to the detriment of those paying taxes in the district.

█ It is contended that proper notice was not given of the intention to introduce the Conservancy Act, rendering the decree void because it was special legislation under Article V, Section 32 of the Oklahoma Constitution. There was no necessity to give notice of the introduction of this Act because upon its face it shows that it is general legislation and not local or special. Our holding in Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355, sustains our position here.

The case of Haas v. Holloman, Okl., 327 P.2d 655, cited by appellant, has no application to the case at bar because there the Act under consideration only applied to one county.

We conclude that the judgment should be and is affirmed.