**In re MAYES–ROGERS COUNTIES CON-SERVANCY DISTRICT FORMATION.**
**Loyd WELKER et al., Protestants or Objec-tors to formation of said District, Plaintiffs in Error,**

v.

**Kenneth L. BARNES et al., Petitioners for formation of said Conservancy Dis-trict, Defendants in Error.**

**No. 40121.**

Supreme Court of Oklahoma.

Sept. 24, 1963.

Rehearing Denied Oct. 29, 1963.

Ed Moore, Harve N. Langley, Pryor, for plaintiffs in error.

William M. Thomas, Jr., Pryor, for defendants in error.

BERRY, Justice.

The parties here appear as below.

This is an appeal by protestants to the formation of a conservancy district located in Rogers and Mayes Counties, Oklahoma, from an order of the district court creating the district. Protestants' specifications of error are ten in number, but in effect urge that "The said Court was without jurisdiction to render any judgment, save only dismissing said petition and proceedings for want of Constitutional and Statutory power".

In support of this allegation protestants aver that the court is without jurisdiction; the up-stream flood control plan is a National improvement, and not a local improvement; the petitioners are not shown to be real parties in interest; the Pryor Creek Watershed Association Act is special and takes precedence over the Act complained of. Protestants further ask, by way of question: shall the power to tax be surrendered to a corporation not political nor a sub-division of the State?

Petitioners counter by urging that the procedural steps followed by the trial court accord with our holding in Adams et al. v. Washita Conservancy District No. 1, 136 Okl. 47, 27 P. 622, and that all like issues raised by protestants have been previously disposed of by us in our holding in In re Central Oklahoma Master Conservancy District, Okl., 359 P.2d 725.

It is conceded by protestants that the trial court entered its judgment pursuant to 82 O.S.1961 § 541 et seq. and proceedings thereunder; that the notice of the hearing to create district was sufficient and that trial court's order extended only to create the district. If we understand protestants' position, it amounts to a direct attack on the validity of 82 O.S.1961 § 541 et seq. This being the case, our holding in In re Central Oklahoma Master Conservancy District, supra, is controlling. There we said:

"A statute may not be attacked on constitutional ground by one not injured thereby. In 11 Am.Jur., Consitutional Law, Section 93, p. 720, it is said:

" 'While courts will not refuse to pass on the constitutionality of statutes in any proceeding in which such a determination is necessarily involved, needless consideration of attacks on their validity and unnecessary decisions striking down statutes will be avoided. Courts will not assume to pass upon constitutional questions unless properly before them.'

" 'One of the most firmly established doctrines in the field of constitutional law is to the effect that a court will pass upon the constitutionality of a law only when necessary to the determination upon the merits of the cause under consideration. The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion * * *.'

\* \* \* \* \* \*

"It is true that under the Conservancy Act, supra, assessments may be levied against property owners in the district to pay for improvements, such assessments to be in accordance with the benefits fixed by appraisers and the appellant's contention that the district may incur an indebtedness in a manner which would be in violation of certain constitutional provisions is premature. It is true that under the Conservancy Act, supra, assessments may be levied against property owners in the district to pay for the improvements and such assessments are made in accordance with the benefits fixed by appraisers. However, the district has not made any move toward incurring an indebtedness, levying any tax or borrowing money in any manner. The judgment here appealed from makes no assessment against the property of appellant or to any other person."

The judgment here appealed from simply orders the formation of a conservancy district but imposes no liability on protestants, no liens upon their property and assesses no taxes, and no harm is sustained by them and no injury is threatened. Our courts will remain open to prevent debts being incurred in violation of our Constitution.

Protestants insist that the district, at the time the decree appealed from was rendered, was a body politic or political subdivision of the State of Oklahoma, and violates Section 26, Art. X of our Constitution and would deprive appellant of his property without due process of law. As heretofore pointed out, the district court judgment appealed from does nothing but decree the formation of the district and its organization according to the applicable statutes.

▉ Protestants also urge, as we understand it, that the Pryor Creek Water Association Act, found in 82 O.S.1961 § 1031 et seq., presents an insurmountable legal obstacle to the formation of the Conservancy District here under consideration. Under this argument, we are requested to take judicial notice of the fact that the area encompassed in the conservancy district overlaps, at least to some extent, a portion or all of the watershed which had been placed by the Legislature under the control of the Pryor Creek Watershed Association. This question is not involved in the proceedings under review, for reasons stated, nor was it decided by the judgment of the trial court. It is, therefore, unnecessary to our determination of this appeal. See Munger v. Elliott et al., 187 Okl. 19, 100 P.2d 876, 880, and cases cited therein.

The judgment of the trial court is affirmed.