MASTER CONSERVANCY DISTRICT — ASSESSMENT OF PROPERTY
A county treasurer may properly assess property in a Master Conservancy District organized under provisions of 82 O.S. 541 [82-541], et seq. where said property is under the control of the Commissioners of the Land Office. The Attorney General has considered your request for opinion. Succinctly stated, your question was as follows: May a county treasurer properly assess property in a Master Conservancy District organized under provisions of 82 O.S. 541 [82-541], et seq. when said property is under the control of the Commissioners of the Land Office? As related in your letter, the General Counsel for the Commissioners of the Land Office has advised the county treasurer that the State does not pay taxes and that the Commissioners of the Land Office would decline to pay the assessment, citing the Oklahoma Constitution, Article V, Section 46 which provides: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: "The creation, extension, or impairing of liens;" This contention is effectively rebutted by the Oklahoma case In re Central Oklahoma Master Conservancy District, 359 P.2d 725 (1961), in which it was stated: "It is contended that proper notice was not given of the intention to introduce the Conservancy Act, rendering the decree void because it was special legislation under Article V, Section 32 of the Oklahoma Constitution. There was no necessity to give notice of the introduction of this fact because upon its face it shows that it is general legislation and not local or special." Title 82 O.S. 614 [82-614] (1971) specifically provides for assessments on property of the type in question when it states: ". . . Land owned by Indians, by the State of Oklahoma, or any political subdivision, or any school district, shall be assessable under this act; . . ." Even though property owned by the State of Oklahoma is exempt from ad valorem property taxes under the provisions of Oklahoma Constitution, Article X, Section 6 and 68 O.S. 2405 [68-2405] (1971), assessments of the type under the Conservancy Act are not general taxes but assessments for benefits conferred on the property assessed. This contention is borne out by the Oklahoma case of Blythe v. City of Tulsa,46 P.2d 310, when the Court said: "Constitutional or statutory provision generally exempting property from taxation held not to exempt such property from levy of special assessments for local improvements." Also there is constitutional authority for the Legislature to pass acts such as the Conservancy Act regarding assessments. The Oklahoma Constitution, Article X, Section 7 entitled "Assessments for Local Improvements" states: "The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefitted thereby, homesteads included, without regard to a cash valuation." The sole limitation with regard to assessment of state property and collection of the assessed value of benefits conferred, is pointed out in the Blythe v. City of Tulsa case, supra: "Upon the grounds of public policy, property owned by a municipal subdivision of the state and used for public purposes cannot be subject to forced sale in payment of special assessments for local improvements." Case law construing the term "public purposes" in this context indicate that the term is used as describing situations where there are public buildings, facilities, etc. on the property. Title 82 O.S. 644 [82-644] (1971) specifies what procedure is to be followed: "Whenever assessments are made against a county, city, town or township, it shall be the duty of the governing or taxing body of said political subdivision, upon receipt of the order of the court which established the district, confirming the appraisal of benefits and assessments based thereon, to receive and file the said order, and to immediately take all the legal and necessary steps to collect the same. It shall be the duty of the said governing or taxing body or persons to levy and assess a tax by a uniform rate in addition to all other taxes authorized, or limitations fixed, upon all the taxable property within the political subdivision, to make out the proper estimate, and fix the proper rate, and certify the same to the county clerk and county treasurer of the county in which subdivision is, whose duty it shall be to receive same, certify the same for collection to the treasurer of the county as other ad valorem taxes and his duty it shall be to collect the same for the benefit of the conservancy district, all of the said officers above named being authorized and directed to take all the necessary steps for the levying, collection and distribution of such tax." It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A county treasurer may properly assess property in a Master Conservancy District organized under provisions of 82 O.S. 541 [82-541], et seq. where said property is under the control of the Commissioners of the Land Office. (William Don Kiser)